(No. 15396.—Judgment reversed; decision set aside.)

THE SUPERIOR MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY HARSZY, Defendant in Error.)

*Opinion filed October 20, 1923.*

WORKMEN'S COMPENSATION—*compensation for disfigurement does not include slight scars.* To justify an award of compensation for disfigurement the disfigurement must bear some relation to the capacity to earn and to secure profitable employment, and an award is not justified where the alleged disfigurement consists of two small scars above the upper eye-lid, which cannot be seen when the eye is open and only on close inspection when it is closed.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding.

M. C. YOUNG, (BURTON & HAMILTON, of counsel,) for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

While in the employ of the Superior Mining Company, Henry Harszy was knocked down by a fall of slate and received scratches and cuts about his face. He was temporarily incapacitated for two weeks and received compensation for this period. He claims further compensation for a disfigurement over the left eye, and an award amounting to $192 has been made. This writ of error has been prose-

cuted by leave of court to review the judgment of the circuit court of St. Clair county confirming this award.

Dr. R. E. Niedringhaus testified that when he was standing ten feet from Harszy he could not see a scar, but that when he moved to within two feet of him and lifted up the supra-orbital skin he could see two slight, blue scars, commonly called coal scars; that the smaller one was about a quarter of an inch long and the larger about three-quarters of an inch long; that these scars are hidden when the eye is open, for the reason that Harszy has a prominent supra-orbital ridge. Samuel C. Crouch, a photographer, testified that when the eyebrow was raised by the hand he could see the blue scars at a distance of four and one-half feet. A photograph of Harszy, made when he was sitting about twelve feet from the camera, is in the record.

The object of workmen's compensation laws is to compensate for loss of earning power resulting from industrial accidents. While it is not necessary that there should be a showing of an actual loss of earning power before compensation can be made for a disfigurement, (*Williams Co.* v. *Industrial Com.* 303 Ill. 352,) the evidence ought to show that the disfigurement for which compensation is sought bears some relation to the capacity to earn and to secure profitable employment. Where a man has suffered serious injuries to his hands, head or face, it is often true that they are of such a character as to place a man at a decided disadvantage when applying for work, and on that theory it is just and proper that provision should be made for compensation for such disfigurements. The act does not provide compensation for every mark or scar nor for every disfigurement. A disfigurement is that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, mis-shapen or imperfect or deforms in some manner. Before compensation can be awarded under the Workmen's Compensation act there must be a disfigurement, and that disfigurement must be

both permanent and serious. It was certainly not intended under this provision to authorize compensation for every trifling mark that could be discovered by the closest inspection. The proof in this record does not disclose a disfigurement, much less a serious one, and the award will be set aside.

The judgment of the circuit court is reversed and the decision of the Industrial Commission is set aside.

*Judgment reversed; decision set aside.*

---

(No. 15348.—Reversed and remanded.)
LOUIS J. STOLLE, Appellee, *vs.* MARTHA MITCHELL, Appellant.

*Opinion filed October 20, 1923.*

1. CONSTITUTIONAL LAW—*act of 1921 as to proving titles does not regulate practice in courts.* The act of 1921 concerning the proving of titles (Laws of 1921, p. 347,) is an act relating to the rules of evidence and is not invalid as a special act regulating practice in courts of justice, in contravention of section 22 of article 4 of the constitution.

2. SAME—*act of 1921 not invalid as conferring judicial power on chief examiner of titles.* The act of 1921 concerning the proving of titles is not invalid as conferring judicial power upon the chief examiner of titles, as the power conferred upon him is not judicial but merely authorizes him to exercise judgment in the execution of his ministerial power.