14588

MURDAUGH v. ROBERT LEE CONSTRUCTION CO. *ET AL.*

(194 S. E., 447)

498

500

*Mr. William Elliott, Jr.,* for appellants, cites:

*Mr. George Warren,* for respondent, cites:

December 17, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Paul Murdaugh was employed by Robert Lee Construction Company; October 21, 1935, while so employed, and while engaged in work incident to his employment, he suffered an injury to his leg. The Robert Lee Construction

Company, hereinafter called the Employer, is subject to the terms and conditions of the South Carolina Workmen's Compensation Act, 39 St. at Large, p. 1231, which we will refer to as the Act. The American Mutual Liability Insurance Company, referred to as the Carrier, is the insurance carrier for the employer in accordance with the terms of the Act.

The injury suffered by Paul Murdaugh, the employee, resulted in a comminuted fracture of the left leg at a point between the knee and the hip joint. It seems that this leg prior to this injury was from one-half to one inch shorter than the other leg and that the injury resulted in a further shortening of one and one-fourth inches.

The respondent made claim for compensation under the Act, and a hearing was had before Commissioner Martin, who made an award of $6.00 per week for temporary total disability, which is 50 per cent. of claimant's average weekly wage from October 21, 1935, to and including April 1, 1936. The defendant, employer, was required to pay hospital, medical and x-ray costs, and the costs of the hearing; and claimant was awarded further "five hundred dollars for permanent bodily disfigurement, on account of the alleged 1¾ inches shortening of the left leg as a result of the injury."

From this award, the defendants appealed to the full Industrial Commission, under the provisions of Section 59 of the Act.

After a hearing the Commission amended the award made by Commissioner Martin, by reversing the award made for serious disfigurement, and allowed the claimant 10 per cent. functional loss of use of his left leg upon the basis of 17.5 weeks, payable consecutively.

The claimant appealed from the award of the full commission to the Court of Common Pleas for Hampton County, which appeal was heard by Hon. A. L. Gaston, presiding Judge, who reversed the action of the full commission and reinstated the award of Commissioner Martin.

From this order comes this appeal.

Mr. Justice Baker has written an opinion which affirms the order of Judge Gaston. I find myself not in accord with the conclusions reached by him, and since this matter is one of grave importance and of novel impression in this Court, involving as it does a first construction by this Court of the Act approved July 17, 1935, 39 St. at Large, p. 1231, I think it is my duty to state the grounds of my dissent.

The main opinion states that the exceptions of the appellants raise two questions: (1) Does the Act permit compensation for bodily disfigurement of the nature and character sustained by the respondent? (2) Did the trial Judge err in holding that the full commission found as a matter of law that the respondent did not suffer serious bodily disfigurement as contemplated under Section 31 of the Act?

It seems to me that the specific finding of the full commission, as to the first question, is thus stated: Did the full commission err in holding that the Industrial Commission has no power to award compensation for specific loss and also for disfigurement of the same member?

As to the second question, it seems to me it should be thus stated: Was the finding of fact by the full commission that there was no serious disfigurement modified and made a conclusion of law by the addition of the words: "As contemplated under Section 31 of the Compensation Act?"

I am frank to say that, as to the first question, stated as I have put it, the full commission was in error in concluding that it has no power to award compensation for specific loss and also compensation for disfigurement of the same member.

In the annotation to the case of *Mabee, Inc., v. Anthony,* 80 A. L. R., 968, is a review of the decisions of the Courts of other jurisdictions which have adopted Workmen's Compensation Acts, more or less in accord with our Act, construing these Acts. The compendium of these decisions on this very point is that a claimant may be awarded compensation for a specific loss, and also compensation for disfigurement of the same member.

It is true that some jurisdictions hold the contrary view, the majority of the Courts hold the view I have above set forth.

However, I do not think this conclusion is determinative of the crucial fundamental issue in this appeal.

If the full commission has found as a fact that the disfigurement suffered by the respondent is not such serious disfigurement as is contemplated by the terms of the Act, then that finding is final, and this Court is bound by it.

The provisions of the Act pertaining to this question are found in Section 60, in these words: "The award of the Commission, as provided in Section 58, if not reviewed in due time, or an award of the Commission upon such review, as provided in Section 59, shall be conclusive and binding as to all questions of fact; but either party to the dispute may within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award, but not thereafter, appeal from the decision of said Commission to the Court of Common Pleas of the county in which the alleged accident happened, or in which the employer resides or has his principal office, for errors of law under the same terms and conditions as govern appeals in ordinary civil actions. In case of an appeal from the decision of the Commission, on questions of law, said appeal shall operate as a supersedeas for thirty days only, and thereafter employer shall be required to make payment of the award involved in said appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Act."

The power to review the action of the full commission is limited to "errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

It does not need the citation of authorities to show that in ordinary civil actions the Court of Common Pleas is prohibited by the Constitution from passing upon the facts of a case. The jury is made the sole judges

of the facts and their finding thereon is final. The Supreme Court is an appellate Court and is limited to deciding questions of law. It is frequently necessary in deciding such questions of law to review the facts of the case as they appear in the record, but this Court may not pass upon the force and effect of such facts.

Now the Act makes the findings of fact by the full commission final. The order appealed from holds that, despite that the full commission states that they find as a fact that the claimant has suffered no such serious injury as entitles him to compensation for bodily injury, the finding is not a finding of fact but a conclusion of law.

Here are the exact words of the full commission thereabout:

"It is found as a fact that there was from one-half (½) to one (1) inch shortening in the injured leg prior to the accident and one and one-fourth (1¼) inches afterward.

"It is found as a fact that the accident was the proximate result of ten (10%) per cent permanent functional loss of use of left leg."

Is not here a finding of fact that the injury to respondent is not of such serious nature as entitles him to an award for serious bodily disfigurement?

The commisson further found: "It is found as a fact that the accident was not the proximate result (cause?) of a disfigurement which would handicap the securing of employment *nor render the appearance of the claimant obnoxious or repulsive in the eyes of his fellowmen."* (Italics added.)

It is argued that the language which I have underscored means that the commission holds that the words "serious disfigurement" used in the Act refer only to disfigurements of the head and face.

This argument is not sustained under analysis. In its conclusions of law, the commission said that serious disfigurement means that such disfigurement handicaps the employee in securing employment, or is grotesque and unsightly to

such an extent that it renders him obnoxious and repulsive in the eyes of his fellowmen.

I submit that the proper interpretation of this language is that, if the disfigurement is to members of the body other than the face or head, and does not handicap the claimant in obtaining employment, it is not of the serious nature to which the Act refers; or, if the disfigurement is to the face or head and does not render the claimant so grotesque and unsightly as to make him obnoxious and repulsive to others, it is not of the nature to which the Act refers.

Since the injury in this case was to the leg of the claimant, the words objected to, "obnoxious and repulsive to his fellowmen," can have no application to this claimant and can have done him no harm.

Clearly the commission in using the quoted language had in mind the following provision of Subsection (t) of Section 31 of the Act: "In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed $2,500.00."

It will be observed that the provision above is mandatory. A further proviso to the same Subsection (t) is as follows: "That the Industrial Commission * * * shall have power and authority to make and award a reasonable compensation for any serious bodily disfigurement received by any employee within the meaning of this Act, not to exceed Twenty-five Hundred ($2,500.00) Dollars."

In the case of facial or head disfigurement it is mandatory that the Commission give compensation. In the case of bodily disfigurement other than to the face or head, the Commission is given discretion to award compensation.

In the present instance the Commission states that if the injury is to face or head it should be of such nature as to render the injured grotesque, etc., but that is not the case here, and that language is *obiter dictum* in this case. Then the Commission says that the serious bodily disfigurement mentioned in the Act refers to the dis-

figurement of other parts of the body, and that, to entitle a claimant to compensation for such disfigurement, it must be such as to handicap the claimant in seeking employment. It finds as a fact that there is no such disfigurement in this case.

Black's Legal Dictionary, 3d Ed., p. 589, defines "disfigurement" in this wise: "That which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshappen, or imperfect, or deforms in some manner."

It will be conceded, I think, that a deformity may render one grotesque, unsightly, obnoxious, even repulsive to others.

When the Commission said: "It is found as a fact that there was no serious disfigurement as contemplated under Section 31 of the Compensation Act," it was finding as a physical fact that the claimant had suffered no serious bodily disfigurement, which they, in the exercise of their judgment under the discretion vested in them by the Act, considered to be of that serious nature which entitled him to an award for "serious bodily disfigurement."

This was not a conclusion of law; it was a finding of fact that a man, who already had a shortening of from one-half to one inch in his leg, and following his injury had a shortening of one and one-fourth inches, had not received a serious disfigurement; such as would entitle claimant to the award provided in Section 31 of the Act for "Serious Bodily Injury," as distinguished from facial or head injury.

In using the words grotesque, obnoxious, or repulsive, I do not understand the Commission to say that it denies an award to this claimant because his injury does not render him grotesque or obnoxious or repulsive in the eyes of his fellowmen, nor do I understand them to lay down that proposition as a general rule. I think they meant to say that head and facial injuries might result in such disfigurement, and the injured person thus be rendered obnoxious and repulsive.

I think this disposes of the cardinal issues of this appeal. The appeal turns upon the question whether this Court may review the finding of fact by the Commission that the respondent has not suffered such bodily disfigurement as would entitle him to an award of compensation therefor. The action of the Commission thereabout is declared by the Act to be final. The discretion so to determine is vested by the legislative body in the Commission, and the Courts are denied the power to interfere therewith.

The judgment of the Common Pleas Court is reversed, and the award made by the Industrial Commission is affirmed, except as to its conclusion of law "that the Industrial Commission has no power to award compensation for specific loss and also compensation for disfigurement of the same member." As to that conclusion, it is reversed.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE FISHBURNE concur.

MR. JUSTICE BAKER dissents.

MR. JUSTICE CARTER did not participate on account of illness.

MR. JUSTICE BAKER (dissenting): On October 21, 1935, respondent was an employee of appellant Robert Lee Construction Company. The appellant American Mutual Liability Company was the insurance carrier of the first-named appellant, in accordance with the terms of the South Carolina Workmen's Compensation Act, to which Act Robert Lee Construction Company was subject to the terms and provisions.

On the date above mentioned, while in the course of his employment, respondent suffered a comminuted fracture of the left leg, between the knee and the hip joint, resulting in temporary total disability from said October 21, 1935, until and inclusive of April 1, 1936, and a permanent further shortening of the left leg of one and one-fourth inches. Prior to respondent's accident this leg was from one-half to one inch shorter than his right leg.

There is no contest in this case over the temporary total disability allowed respondent. The exceptions relate entirely to the allowance of compensation for "serious disfigurement."

In the handling of this matter the procedure as charted by the Workmen's Compensation Act was followed. A hearing was first held before a member of the South Carolina Industrial Commission for the purpose of fixing the amount of compensation respondent was entitled to under the Act. Following the taking of testimony, the Commissioner hearing the case awarded respondent $500.00 for permanent bodily disfigurement.

In the report of the case by the single Commissioner, under the heading, "Findings of Fact," is the following:

"h. It was found later upon careful examination by Dr. John H. Coleman and Dr. T. E. Bowers that as a result of this accident claimant's left leg is at least one and a quarter to two inches shorter (according to method of measurement), than the right leg.

"i. * * *

"j. It was found that, although it is reported that claimant had had spinal meningitis in early childhood, that prior to this accident there was no noticeable limp in the left leg which is now very apparent both from observation and from careful measurement and examination.

"k. It was found, as will be observed from the admitted testimony and sworn statements of expert medical witnesses, that there is a difference of opinion as to percentage of the loss of the use of the member although it was admitted that there was a noticeable body disfigurement which, it was testified to, would be permanent."

Under the heading "Conclusions of Law," the following: "Section 31, subsection 't', paragraph 2, specifically allows for serious bodily disfigurement."

Under the heading "Award," the following: "3. It is ordered that for the specific matter of permanent bodily disfigurement that the claimant shall be awarded the lump sum

of Five Hundred ($500.00) Dollars which shall be in lieu of any other claims for compensation from the Robert Lee Construction Company as a result of this injury."

Appellants, by appropriate action, brought the case before the full Commission for a review of the findings of the one Commissioner.

We quote from the opinion of the full Commission, under the heading, "Findings of Fact":

"It is found as a fact that the claimant, Paul Murdaugh, sustained a comminuted fracture of the left femur which was the result of an accident on October 31, 1935, and which arose out of and in the course of the employment."

"It is found as a fact that there was from one-half ($\frac{1}{2}$) to one (1) inch shortening in the injured leg prior to the accident and one and one-fourth ($1\frac{1}{4}$) inches afterward.

"It is found as a fact that the accident was the proximate result of ten (10%) per cent permanent functional loss of use of left leg.

"It is found as a fact that the accident was not the proximate result of a disfigurement which would handicap the securing of employment nor render the appearance of the claimant obnoxious or repulsive in the eyes of his fellow men.

"It is found as a fact that there was no serious disfigurement as contemplated under section 31 of the Compensation Act.

"It is found as a fact that the Hearing Commissioner erred in awarding disfigurement and that the Award should have been for ten (10%) per cent loss of use of left leg."

Under the heading, "Conclusions of Law":

"It is stated as a conclusion that wherein the Act makes reference to disfigurement that it contemplates that such must be serious and means exactly that which the word 'serious' purports.

"It is further stated that 'serious disfigurement' means that such handicaps the employee in the securing of employment or is grotesque and unsightly to such an extent that it

renders him obnoxious and repulsive in the eyes of his fellow men.

"It is stated as a conclusion that the schedule for payment of compensation for specific loss embraces disfigurement that naturally and normally occurs as result and that it was contemplated that disfigurement and specific loss could not be awarded at the same time as the result of specific loss as such would be tantamount to dual compensation.

"It is further stated as a conclusion that 'serious disfigurement' was injected into the Act with the idea in mind of providing means for compensation, where such serious disfigurement existed as the proximate result of an accident, wherein no provision for such an injury was otherwise contemplated by the Act, such as the loss of the nose, amputation of the ear, * * * etc., inasmuch as no provision for the loss of such parts of the body was written into the schedule for specific loss under section 31.

"It is stated as a conclusion that the Industrial Commission has no power to award compensation for specific loss and also compensation for disfigurement of the same member."

Under the headings, "Award": "The Hearing Commissioner's Award for disfigurement if Reversed."

An appeal was taken to the Court of Common Pleas from the opinion and award of the full Commission, and in an order which is reported, Hon. A. L. Gaston, presiding Judge, reversed the full Commission, and made the report of the single Commissioner the order of the Court.

The exceptions of appellants, warranted by the record, raise the following questions: (1) Does the Workmen's Compensation Act approved July 17, 1935, appearing in the Acts of S. C., 1936, page 1231, permit compensation for bodily disfigurement of the nature and character sustained by the respondent? and (2) Did the trial Judge err in holding that the full Commission found as a matter of law, and not as a matter of fact, that respondent did not suffer seri-

ous bodily disfigurement as contemplated under Section 31 of the Act?

Section 31 sets forth, in subsections, the basis of compensation for the loss of fingers, toes, and portions thereof, hand, foot, hands and feet, arm, leg, arms and legs, one eye and both eyes, partial vision, and loss of hearing. Subsection "t" is as follows:

"In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed $2,500.00.

"The weekly compensation payments referred to in this Section shall all be subject to the same limitations as to maximum and minimum as set out in Section 29: *Provided, however,* that the foregoing schedule of compensation shall not be deemed to apply and compensate for serious disfigurement resulting from any injury to any employee received while in and about the duties of his employment. And *Provided, further,* that the Industrial Commission created by this Act shall have power and authority to make and award a reasonable compensation for *any serious bodily disfigurement* received by any employee within the meaning of this Act, not to exceed Twenty-five Hundred ($2,500.00) Dollars." (Italics added.)

Section 29 is as follows: *"Total Disability—Rate of Compensation.*—Where the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total disability, a weekly compensation equal to 50 per centum of his average weekly wages, but not more than twenty-five dollars nor less than five dollars, a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed five thousand five hundred ($5,-000.00) dollars."

Section 60 provides that the award of the Commission as provided in Section 58, if not reviewed in due time, or an award of the Commission upon such review, as provided

in Section 59, shall be conclusive and binding as to questions of fact. Provision is then made for an appeal to the Court of Common Pleas "for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

We think it well, under the facts of this case and the exceptions to the judgment or order appealed from, to call attention that we are not herein passing upon the question, "Is an award for specific loss or partial functional loss of a member, and an award for serious disfigurement on account of such member, permissible under the Act?" Such question is not raised by the appeal. We here make this observation in view of the statements contained in the "Conclusions of Law" of the full Commission hereinbefore set out in the third and fifth paragraphs.

It is but natural, almost inevitable, that in the administration of legislation of this magnitude, and the construction of the Act, there is going to arise, from time to time, doubt as to the intent of the Legislature. Should the conclusion of the Industrial Commission and the Courts be *contra* to the intent of the Legislature, then such erroneous conclusion can be remedied by amending the Act so that the same erroneous holding as to intent will not be made in cases to follow. While this thought may bring no comfort to the losing side, yet it must be so in the orderly administration of any statute.

We approach a decision of this case with the principle or rule of law in mind, that "the construction given a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons." See *Hadden v. South Carolina Tax Commission,* 183 S. C., 38, 190 S. E., 249, 253, and cases therein cited. However, there exists in this case a difference in the Commission primarily charged with the administration of the Act under discussion.

In *Superior Min. Co. v. Industrial Commission,* 309 Ill., 339, 141 N. E., 165, 166, the word "disfigurement" is defined as "that which impairs or injures the beauty, sym-

metry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner." In *Dickson v. United States Sheet & Window Glass Co.*, 3 La. App., 83 Webster's definition of "a change of external form to the worse" is adopted.

While the definition of the word "disfigurement" would no doubt admit of a lengthy dissertation, and of citations from cases in many jurisdictions, we are content to accept the foregoing as the true one, and as the one most likely in the mind of the Legislature when this legislation was enacted.

It is stated in Endlich on the Interpretation of Statutes, at page 4: "The first and most elementary rule of construction is, that it is to be assumed that the words and phrases are used in their technical meaning if they have acquired one, and in their popular meaning if they have not, and that the phrases and sentences are to be construed according to the rules of grammar; and from this presumption it is not allowable to depart, unless adequate grounds are found, either in the context or in the consequences which would result from the literal intrepretation, for concluding that that interpretation does not give the real intention of the Legislature."

In this case we pass, as to the words "beauty" and "symmetry," but to have one leg so much shortened, as the testimony herein indicates, will necessitate walking with a most decided limp, will impair respondent's appearance, and renders the leg imperfect. The injured leg is none the less external in the sense that it partakes of a deformity, because ordinarily covered by the usual wearing apparel.

As was the Common Pleas Judge, we are unable to follow the full Commisison as to the intendment of the Legislature in providing means for compensation for serious disfigurement or that the disfigurement had to appear in and about the face and head, or that the disfigurement must be calamitous as was further suggested in their "Conclusions of Law." If the Legislature intended to restrict the disfigure-

ment to that which is ordinarily visible, after writing the second paragraph of Subsection "t" of Section 31, which refers to facial and head disfigurement, and having already provided for the loss of fingers, and portions thereof, the hands, toes, arms, feet and legs of employees, it would have been superfluous to have referred to bodily disfigurement in the succeeding paragraph of Subsection "t" if it was not intended that an employee be compensated for bodily disfigurement. We cannot confine the disfigurement to injuries causing one to be grotesque, unsightly, obnoxious, and repulsive.

That to have one leg considerably shorter than the other is a bodily disfigurement cannot be denied. But the statute reads, "serious bodily disfigurement." Can it be said that the Legislature intended by using the word "serious" that such disfigurement must be so apparant as to immediately attract attention before an employee can be compensated therefor? We can gather some idea of the intention of the Legislature in the use of the word "serious" or the phrase "serious bodily disfigurement" in the wide latitude given in the awarding of compensation on account thereof, there being no minimum amount fixed, but a maximum of $2,500.00. If the bodily disfigurement must, in fact, be serious in the sense that it must be apparent and noticeable upon sight, must within itself attract attention, and greatly handicap one in the procurement of employment, and affect his social activities, we would think some minimum amount would have been stated in the Act. It would appear that the word "serious" was used in the sense that the disfigurement should be more than slight, and permanent.

In *Mabee, Inc., et al. v. Anthony et al.,* 155 Okl., 35, 8 P. (2d), 22, 80 A. L. R., 968, it was held that the loss of two front teeth, and breaking two other front teeth, is a permanent disfigurement, notwithstanding the fact that artifical teeth had replaced the natural. It would appear from this case that the State of Oklahoma has a Workmen's Compensation Statute, Comp. St., 1921, § 7282 *et seq.* as amended

[85 Okl. St. Ann. § 1 *et seq.*] providing for compensation where an employee has sustained some permanent and serious disfigurement to his head and face; and in another section of the statute, Comp. St. 1921, § 7295 [85 Okl. St. Ann. § 27] it was provided: "In any proceeding for the enforcement of a claim for compensation under this Act, it shall be presumed in the absence of substantial evidence to the contrary: '1. That the claim comes within the provisions of this Act.' " While it is shown from the authorities quoted that the loss of a front tooth is a disfigurement of the body, yet it becomes in time a disfigurement of the face and head, and the award of the State Industrial Commission was affirmed.

In our statute, after providing for "facial or head disfigurement," there is made provision for the award of a reasonable compensation for any "serious bodily disfigurement."

The idea of compensation for face, head, and bodily disfigurement, is separate and apart, and distinguished from loss of earning power. This may be against the greater weight of authority as indicated by decisions from other jurisdictions, but these decisions are controlled by the statutes under construction. In our statute provision is made for compensation for partial loss of or partial use of a member in proportion as such partial loss or use bears to the total loss. And then in separate paragraphs, provison is made for compensation for serious facial or head disfigurement; and for serious bodily disfigurement. Ordinarily, serious facial, head, or bodily disfigurement does impair the earning power of its victim, and this fact was no doubt recognized by the legislators, but under the statute in question it is not necessary that the injured employee be so affected in order to recover for disfigurement. The Act so signifies.

We now come to the second question. In order to arrive at a conclusion, it becomes necessary to read the full Commission's "Conclusions of Law" in connection with their "Conclusions of Fact." We find that the full Commission

construed the words "serious disfigurement" to mean that which handicaps the employee in securing employment, or is grotesque and unsightly to such an extent that it renders him obnoxious and repulsive in the eyes of his fellowmen; that "serious disfigurement" was injected into the Act to cover compensation where no provision for such injury was otherwise contemplated by the Act, "such as the loss of the nose, amputation of the ear, loss of penis, etc." They further found that the Commission had no power to award compensation for specific loss and also compensation for disfigurement of the same member.

It is well to keep in mind that the single Commissioner, whose findings were being reviewed, had awarded compensation only for time actually lost from work by respondent due to the injury to his leg, and for "bodily disfigurement." He had not found compensation for partial loss of use of leg. It was for this reason that we hereinbefore stated that under the facts of this case, and the exceptions of appellants, this Court is not now passing upon the question if compensation can be awarded for partial loss of a member, and disfigurement of the same member.

The full Commission found, as a fact, that there was one-half to one inch shortening of respondent's leg prior to the accident, and one and one-fourth inches afterwards. It then found a 10 per cent. permanent functional loss of the use of the injured leg. It found "as a fact that the accident was not the proximate result of a *disfigurement which would handicap the securing of employment nor render the appearance of the claimant obnoxious or repulsive in the eyes of his fellowmen.*" It "found as a fact that there was no serious disfigurement *as contemplated under Section 31 of the Compensation Act.*" (Italics added.)

Every finding of fact by the full Commission that the injury was not a "serious disfigurement" was qualified, and predicated upon their construction of the intent of the statute, which construction we have herein undertaken to point out is erroneous.

It would, therefore, appear that the full Commission found, as a matter of law, and not as a matter of fact, that respondent had suffered no serious bodily disfigurement. Of course, had the Commission found, as a fact, without being circumscribed by its construction of the statute, that respondent's injury was not a serious bodily disfigurement, the Courts of this State could not have reviewed such finding. It would have been final.

It should be the judgment of this Court that the exceptions of appellants be overruled, and the order of the trial Judge reversing the award of the full Commission, and affirming the award of the single Commissioner, be affirmed.