15878

MITCHUM v. INMAN MILLS *ET AL.*

(40 S. E. (2d), 38)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants,

*Messrs. Williams, Felton & Powell,* of Spartanburg, for Respondent,

October 31, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

This appeal comes from an Order of the Honorable T. S. Sease, resident Circuit Judge of the Seventh Circuit, affirming an award of the South Carolina Industrial Commission in which Claimant-Respondent was awarded $400.00 for serious facial disfigurement.

Claimant sustained an injury arising out of and in the course of his employment with the Inman Mills on May 28, 1945. Appellant, Liberty Mutual Insurance Company, is the insurance carrier for the employer. The hearing was held before Commissioner Dukes, who filed his opinion and award September 25, 1945, awarding Respondent the sum of $400.00 for "serious bodily disfigurement". A review was held before the full Commission which affirmed the award of the single Commissioner, *in toto,* January 7, 1946, adopting the hearing Commissioner's award as that of the majority of the Commission. An appeal was duly taken to the Circuit Court which affirmed the award of the Commission, and Defendants now appeal to this Court upon exceptions which present the question of whether or not Claimant sustained such facial or head disfigurement as to be compensible under the South Carolina Workmen's Compensation Act.

Section 7035-34 (t), 1942 Code for South Carolina, reads as follows: "In case of Serious facial or head disfigurement the Industrial Commission shall award proper and equitable compensation not to exceed $2,500.00".

In *Ferguson v. State Highway Department,* 197 S. C., 520, 15 S. E. (2d), 775, where evidence showed that Claimant had a white spot on the pupil of the eye, this Court said: "the word 'serious', used in the connection in which it is now being considered, is said to be: 'Used in the sense that the

disfigurement should be much more than slight, and partaking of permanency'. And 'disfigurement' is defined as 'that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner' ".

In the case of *Poole v. Saxon Mills,* 192 S. C., 339, 6 S. E. (2d), 761, this Court laid down the definition of requirements for compensability in a case of head or facial disfigurement as follows:

"In *Superior Min. Co. v. Industrial Commission,* 309 Ill., 339; 141 N. E., 165, 166, the word 'disfigurement' is defined as 'that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner'. In *Dickson v. United States Sheet & Window Glass Co.,* 3 La. App., 83, Webster's definition of 'a change of external form to the worse' is adopted. Black's Legal Dictionary, 3rd Ed., p. 589, defines 'disfigurement' in the identical language used in *Superior Min. Co. v. Industrial Commission, supra,* and after citing and quoting from that authority in the prevailing opinion in *Murdaugh v. Robert Lee Construction Co., supra* (185 S. C., 497; 194 S. E., 453), Mr. Justice Bonham states: 'It will be conceded, I think, that a deformity may render one grotesque, unsightly, obnoxious, even repulsive to others'.

"While the definition of the word 'disfigurement' would no doubt permit of a lengthy dissertation and of citations from cases in many jurisdictions, we are content to accept the definition as given in *Superior Min. Co. v. Industrial Commission, supra,* Black's Legal Dictionary, 3rd Ed., and Webster's definition as quoted in *Dickson v. United States Sheet & Window Glass Co., supra.*"

Use of the word "serious" involves a necessary ingredient that disfigurement is of such a character that it substantially detracts from the appearance of the person disfigured. In instant case the testimony of the Doctor is to the effect that

Claimant had a scar beginning about the upper inner third of the brow, downward through and parallel to the brow for about an inch and a half, the width of the scar being very small, not more than just a small line through the eyebrow, that such scar is pretty much parallel to and resembles somewhat the wrinkles of the forehead, and would not be noticed unless one were very close.

The following appears in the record:

"Q. Doctor, is there anything in taking into consideration Mr. Mitchum's looks that is particularly offensive or repulsive or obnoxious about the appearance of that scar?

"A. Nothing more than just a small line of a scar through the eyebrow."

In the case of *Chisholm v. Jahncke Dry Docks, Inc.,* 121 So., 684, where a scar one and one-half by one-sixth inches running diagonally along the left side of the face in the region of the chin, which had the tendency to become less apparent and eventually be difficult to observe, the Court of Appeals of Louisiana said:

"We can think of no form of activity, social, political, or economic, in which Plaintiff might indulge and be subject to any embarrassment by the presence of this small scar."

Claimant appeared before the single Commissioner, who described the scars as being about an inch long extending from about the center of his eyebrow down towards the corner of his eye and another scar about one-fourth inch long on the left temple, both scars being about the width of the lead in a lead pencil.

Claimant appeared before this Court for the purpose of being viewed as an exhibit and no member of the Court was able to distinguish such scar at approximately eight feet.

This Court, for the above-stated reasons, is of the opinion that such scar does not come within the province of serious head or facial disfigurement as contemplated by the

Workmen's Compensation Act, and there is no evidence, therefore, upon which such an award can be based.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.