(No. 4069—

WARD MURRIE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

BEN MORGAN, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

DAMRON, J.

This complaint by Ward Murrie filed January 30, 1948, for an award under the Workmen's Compensation Act involves the same accident in the claim of *Eugene Rose v. State, No. 4067*, opinion delivered at the regular November term of this Court.

On September 8, 1947, while performing his duties as attendant at the Elgin State Hospital, this claimant was stabbed in the neck with a pair of scissors by the same insane patient who at the same time and place similarly attacked and wounded Murrie's fellow attendant, Eugene Rose.

Claimant was stabbed in the left side of his neck necessitating hospitalization for one week. He was off duty and totally disabled for two weeks during which time he received his regular pay of $79.33 at the rate of $170.00 per month. He never resumed employment with the State and prior to the hearing had been continuously employed by an electric company earning substantially more on a piece work basis than the wages he earned from the State.

The only claim asserted by claimant is for compensation because of alleged disfigurement evidenced by the scar resulting from the stabbing.

This scar as described in the transcript of the evidence by the commissioner is as follows: Crescent shaped scar about two inches long and $\frac{1}{4}$ to $\frac{3}{8}$ inch at its widest point commencing about the center of the left side of the neck at a point two inches below the ear lobe extending diagonally down towards the back of the

neck, of light purplish discoloration, slightly raised, one edge of which exhibits scar tissue.

Dr. Charles K. Bush, Jr., stated the stabbing wound healed uneventfully and that the scar would remain in its present condition, neither better or worse.

This case is not distinguishable in any way from the Eugene Rose vs. State, No. 4067, and is governed by the identical reasoning and authorities cited in that opinion, *Superior Mining Co.* vs. *Ind. Com.*, 309 Ill. 339; *Tyler* vs. *State,* 12 C.C.R. 101. The same considerations both factual and legal and the previous decisions which impelled us to hold in that case that the disfigurement was not so serious as to affect claimant's gainful employment and therefore was not compensable under the provisions of Section 8 (c) of the Workmen's Compensation Act, necessarily lead to the same conclusion in the instant case. An award denied.

A. M. Rothbart and Associates were employed to report the testimony at the hearings before Commissioner Blumenthal and charged the sum of Twenty Dollars for such services. These charges are fair and reasonable. An award is entered in favor of A. M. Rothbart & Associates in the amount of $20.00 which is payable forthwith.