## BETHLEHEM STEEL COMPANY *v.* HUGHES

[No. 239, September Term, 1959.]

*Decided June 13, 1960.*

*Motion for rehearing and for modification filed July 8, 1960, denied July 25, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Kenneth C. Proctor,* with whom were *Jesse Slingluff, Jr., Decatur H. Miller* and *Piper & Marbury* on the brief, for appellant.

*Ronald H. Goodman,* with whom were *Alvin E. Friedman* and *Friedman & Goodman* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The employer appeals from the affirmation by the Circuit Court of an award of the Workmen's Compensation Commission to employee Hughes of ten weeks at $25.00 a week for disfigurement.

Hughes was injured while at work when an acetylene torch

backfired and pieces of hose flew into his eyes. He lost one day's work (for which he was awarded temporary total disability, not challenged) and was treated for four or five days by the company eye doctor. Later he was examined by two other eye specialists and the reports of these three and Hughes' brief testimony make up the record on which the Commission granted, and the Circuit Court affirmed, the award for disfigurement. The report of the company doctor found the vision in both eyes twenty-twenty and, in the left eye a "* * * small scar of the cornea just at the pupillary edge with slight discoloration" and expressly no facial or head disfigurement. The report of another specialist said in part:

"On slit-lamp examination, there was a faint macula in Bowmans zone above the pupillary area at 11 and below the pupillary area at 6, right cornea. The central area was clear. In the left cornea there was a small Coats ring outside the pupillary area at 6 and 8. The central pupillary area was clear. The anterior chambers were of normal depth and clear. The iris and lens were normal. The optic discs were well defined and of pink color with small central cups. The vessels and macula were normal."

The third specialist said:

"There are two fine, superficial opacities, pinpoint in size, on the cornea. These are located medially and below, and are well outside the pupillary area. They do not impede vision, and rest of slit-lamp examination shows normal findings."

Judge Menchine examined Hughes' eyes in the course of the trial, and said: "* * * there is nothing in the appearance of the eyes themselves that would lead an individual to the conclusion that there was an unsightly condition in the appearance of the Claimant, and it would seem clear to the Court that if mutilation and disfigurement is reserved, in so far as compensation therefor is concerned, to cases in which the apparent outward appearance of the Claimant to other members of society was the proper and exclusive test of whether or not

compensation benefits for mutilations or disfigurements could be conferred, the ruling of the Workmen's Compensation Commission would be clearly in error and its award or decision would be required to be reversed."

He held, however, that because subsequent examinations by doctors would disclose the existence of the scar on the eye, there was a potential handicap to Hughes' obtention of future employment as to which the court could not substitute its discretion for that of the Commission.

We do not agree. As was pointed out in *Bethlehem-Sparrows Point Shipyard, Inc. v. Damasiewicz,* 187 Md. 474, 480, the Legislature granted the right to awards for disfigurement because "a disfigurement may constitute an economic loss in the sense of diminished power to produce, * * * may very probably have a harmful effect upon the ability of the disfigured person to retain or secure employment, * * * may render the person repulsive or offensive to the sight and displeasing to his employer, fellow employees and customers." It was next said that there may be individual cases in which no actual effects eventuate but that the Legislature must deal with general tendencies. Then, after noting that on appeal from the Commission the court cannot exercise its own discretion as to a disfigurement award, but can only correct an abuse of the Commission's discretion, Judge Delaplaine, for the Court, said:

> " 'Disfigurement' is defined as that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect, or deforms in some manner. * * * However, to justify an award under the disfigurement provision of the Workmen's Compensation Act, there must be an outward observable scar or mutilation which tends to mar the appearance of the body. * * * For illustration, a puncture of the eardrum might result in serious injury, and yet not constitute a disfigurement within the contemplation of the Act."

We think that "a faint macula" (an opacity) in the eye or

"two fine, superficial opacities, pinpoint in size" or a "small scar * * * with slight discoloration" (which the observer said expressly would not amount to disfigurement) does not meet the tests of the definitions in the *Damasiewicz* case. The scar or opacities apparently could be seen only with the aid of special equipment. Judge Menchine, in effect, found that the naked eye of the observer saw nothing unsightly or unusual in the appearance of Hughes. It would be torturing the meaning of disfigurement to hold that Hughes had suffered any. Even a routine pre-employment physical examination would not be apt to reveal the alleged disfigurement and, if it did, it would seem very unlikely that it would affect the employment status of the applicant. There is no basis in the record to sustain either the statutory presumption of injury or detriment to the disfigured employee or the exercise of discretion by the Commission to make an award for disfigurement. There was simply no basis for such an award. *Bethlehem Steel Co. v. Wilson,* 210 Md. 568, is not to the contrary. That case held no more than that where there is a disfiguring scar the fact that it is on an area customarily covered by clothing does not, of itself, disqualify the scarred one from compensation. It was there pointed out "that the area of the body normally covered by clothing has shrunk drastically as the years have passed. Shorts are standards and frequent attire for both men and women. Abbreviated bathing suits are the rule for both sexes. * * * Recreation and sports programs for employees are a part of the routine of many employers. Men and women use their respective company locker rooms and shower rooms and so expose normally covered infirmities to fellow employees."

The courts of other States have reached the same conclusions, as do we, as to the necessity for actual disfigurement if there is to be an award. In *Superior Mining Co. v. Industrial Commission,* 141 N. E. 165 (the case from which the definition of disfigurement in *Damasiewicz* was taken), the Supreme Court of Illinois held that "two slight blue scars," hidden when the eye is open, which could not be seen by one ten feet away were not disfiguring, saying: "It was certainly not intended * * * to authorize compensation for

every trifling mark that could be discovered by the closest inspection. The proof in this record does not disclose a disfigurement, much less a serious one, and the award will be set aside." The Supreme Court of North Carolina said in *Branham v. Denny Roll & Panel Co.*, 25 S. E. 2d 865, 869 (cited in *Damasiewicz*) that "A disfigurement then is a blemish, a blot, a scar or a mutilation that is external and observable, marring the appearance." See also *Chisholm v. Jahncke Dry Docks, Inc.* (La. App.), 121 So. 684 (scar on side of chin one and one-half inches by one-sixth of an inch which the medical testimony said would "bleach out and narrow" and eventually be difficult to observe) ; *Mitchum v. Inman Mills* (S. C.), 40 S. E. 2d 38 (two scars—one an inch long from center of eyebrow to corner of eye—the other one a quarter of an inch long on left temple—each the width of lead in a pencil—no member of the court could see either scar from eight feet) ; *General Motors Corporation v. Shannon* (Super. Ct. Del.), 155 A. 2d 237 (vertical scar on forehead one and one-half inches long and wide as lead pencil mark not a "serious and permanent facial or head disfigurement— the President Judge said: "I can think of no form of activity, social, economic, or otherwise, in which the claimant might indulge, and be subject to embarrassment by the presence of this small scar") ; *Dallachiesa v. General Motors Corporation* (Super. Ct. Del.), 140 A. 2d 137 (although loss of teeth may constitute disfigurement there was none where two lost teeth had been skilfully replaced by a denture). Larson, *Workmen's Compensation,* Secs. 58.32 and 65.30, discusses the problem fully and well.

The affirmation of the Commission's order by the Circuit Court for Baltimore County must be reversed.

*Judgment reversed, with costs.*