No. 2503
Second Circuit

---

WILLIAM F. AND ELIZABETH DICKSON v. UNITED STATES SHEET & WINDOW GLASS COMPANY

---

(November 4, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 154, 156, 159 (a).**

A scar on the face which mars and detracts from the natural expression of the face, which attracts attention, is a facial disfigurement contemplated by the Workmen's Compensation Act No. 20 of 1914, Section 8, Subsection 1 (e) as amended by Act 216 of 1924.

2. **Louisiana Digest—Master and Servant —Par. 154, 159, 159 (a).**

In granting compensation under the Workmen's Law, Act No. 20 of 1914 as amended by Act 216 of 1924, Section 8, Subsection 1 (e) reference should be made to Section 8, Subsection 1 (d) in order to fix the compensation in proportion to the schedule provided in Section 8, Subsection 1 (d) of the act.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit for compensation under the Workmen's Compensation Law, Act No. 20 of 1914, brought by the parents of the injured employee for their son. There was judgment for plaintiff and defendant appealed. Plaintiff answered the appeal.

Judgment amended and affirmed.

Long and Crow, of Shreveport, attorneys for plaintiffs, appellees.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for defendant, appellant.

ODOM, J.    Plaintiffs bring this suit under the Workmen's Compensation Act to recover compensation for their son, George L. Dickson, on account of what is alleged to be "a serious and permanent disfigurement of his face and head" resulting from an injury which he sustained while employed by the defendant company.

It is alleged that their son was cut and lacerated at a point near the right eye, leaving an oblong L shaped scar, one-half inch in one direction and two and one-half inches in another, approximately one-eighth of an inch wide.

Defendant admitted, in answer, that plaintiffs' son was injured in the course of his employment, but denied that his injuries were as severe as alleged in plaintiffs' petition and especially denied that their son is seriously and permanently disfigured.

There was judgment in the lower court in favor of plaintiffs for $5.00 per week for 100 weeks under subsection (e) of section 8 of the statute; from which judgment defendant appealed.

Plaintiffs answered the appeal and asked that the judgment be amended so as to allow $13.83 per week, the amount sued for.

OPINION.

Plaintiffs' minor son, who is 17 years of age, was employed by the defendant at a weekly wage of $21.28 and in the month of April 1925, while at work, was cut on the right side of the face, which cut left a scar.

There were only two witnesses called, plaintiff's son, who was injured, and Doctor J. D. Gordon, who attended young Dickson shortly after the accident.

The witness Dickson did not attempt to describe the scar but described the wound which he received, as a cut starting at a point near the right eye close to the end of the eye-brow and going down for about an inch and a half and turning to the left toward the right eye.

Plaintiffs offered in evidence a photograph of young Dickson showing that the scar is on a line between the outside corner of the right eye and the corner of the mouth, the distance from the main part of the scar to the corner of the eye being about one-half that from the scar to the corner of the mouth.

Doctor Gordon described the scar as follows:

"The scar is a lineal scar, extending from the upper ·border of the right eyebrow around the exterior arching of the eye closing down to about one-quarter of an inch above the middle of the cheek, that is, just above the malar bone."

He says the scar will always remain there.

Counsel for defendant assign the following as errors in the judgment of the lower court:

"I. That under the terms of the ·act (paragraph (e) of section 8) plaintiff is not entitled to recover any compensation whatever for the reason that he is not 'seriously, permanently disfigured about the face or head'.

"II. That the compensation granted by the lower court is excessive and unauthorized by law for the reason that the facial disfigurement is very slight and the compensation granted is out of proportion to the schedule set forth in the preceding paragraph (d)."

We are unable to ageee with counsel as to the first point. We think the court made no error in holding that the scar on. young Dickson's face is a disfigurement which entitles him to compensation. According to Doctor Gordon it extends from the upper border of the right eye-brow around the arching of the eye down to one-quarter of an inch above the middle of the cheek. The scar is in a very prominent portion of the face and on looking at the photograph we observe that it is very noticeable.

A disfigurement, according to Webster, is "a change of external form to the worse".

The scar mars and detracts from the natural expression of the face. It is such a disfigurement as to attract attention, as is disclosed by the photograph before us.

The district judge saw the young man and of course observed the scar and held that it is of such a nature as to make the case come under the statute. His opinion on that point has great weight with us.

However, on the second point, that is, as to the amount allowed, we cannot concur with him.

Subsection (e) of section 8 of the statute provides that in cases of this kind the court may allow

"such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in cases of specific disability above named".

By reference to the statute it will noticed that under the schedule laid down, if this young man, who was receiving $21.28 per week, had lost his thumb he would have been entitled to 65% of his wages for 50 weeks or a total sum of $690.00; for the loss of an index finger, $414.36; for the loss of any other finger, $276.24; for the loss of a hand, $2071.80; and for the loss of an eye, $1381.20.

We think an allowance of $5.00 per week for 100 weeks or a total sum of $500 is out of proportion to the above specific schedule.

It could hardly be said that a man should be allowed practically five-sevenths as much for a scar on his cheek as he would be allowed for the loss of an eye, and practically one-fourth as much as for the loss of a hand.

We think an allowance of $3.00 per week during 100 weeks would be proper in this case.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to allow plaintiffs compensation of three dollars per week during one hundred weeks and that as thus amended it be affirmed; plaintiffs to pay the costs of the appeal; all other costs to be borne by defendant.