CHISHOLM v. JAHNCKE DRY DOCKS, INC.

(April 1, 1929. Opinion and Decree.)

O. H. Dabezies, of New Orleans, attorney for plaintiff, appellee.

Gordon Boswell, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit under the Compensation Law. The sole question presented is whether plaintiff, an employee of defendant, was "seriously permanently disfigured about the face" within the meaning of clause 16 of paragraph (d) subsection 1, section 8 of Act 85 of 1926.

Plaintiff's alleged disfigurement consists of a scar three centimeters in length and one-third of a centimeter in width, running diagonally along the left side of his face in the region of the chin, which according to the medical testimony in the record, will gradually bleach out and narrow, become less apparent, and eventually be difficult of observation.

In holding that plaintiff was disfigured within the meaning of the section of the Compensation Law referred to, the trial judge based his conclusion upon the case of Dickson vs. U. S. Glass Co., 3 La. App. 83, where it was held that "a scar extending from the upper border of the right eye-brow around the exterior arching of the eye down to about one-quarter of an inch above the middle of the cheek" was such disfigurement as was contemplated by the statute. In that case the scar was two and one-half inches long and one-half inch wide, while in the instant case the scar is considerably shorter and narrower (one and one-half by one-sixth inches); moreover, the same court (Court of Appeal for the Second Circuit) subsequently held in DeSoto vs. Magnolia Pipe Line Co., 119 Sou. Rep., 889 (9 La. App. 205), that a scar one and one-half inches long above the right eye was a slight, and not a serious disfigurement.

In addition to the photograph of plaintiff, and the medical testimony in the record, the plaintiff himself, appeared in this Court by consent of both counsel and afforded us an opportunity to see and examine the scar and form our own opinion as to the extent of disfigurement involved by first-hand impression, an unusual opportunity for an appellate court.

Our conclusion is that the defendant is not seriously disfigured by the scar; his physical appearance is but slightly marred and likely to be less so in the course of time.

We can think of no form of activity, social, political or economic, in which plaintiff might indulge, and be subject to any embarrassment by the presence of this small scar.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant, Jahncke Dry Docks, Inc., and against M. F. Chisholm, dismissing plaintiff's suit.