McBRIDE, Judge. .
This is a suit for workmen’s compensation brought by the plaintiff against the compensation insurer of his former employer which was Paul H. Alverson & Company. The plaintiff was employed to assist in carpentry work; his counsel, con *181 tends that he was a journeyman carpenter. Plaintiff helped carpenters 'on the job by sawing lumber, nailing pieces of wood together, and otherwise assisted m the erection of small residences under the direction and orders of expert carpenters. We classify him merely as a common laborer.
On April 7,1953, while plaintiff attempted to lift a bucket containing hot tar, some of its contents spilled over plaintiff’s right hand and burned several fingers. He was immediately sent to the. employer’s physician for treatment; he continued doing light work for Paul H. Alverson & Company until April 17, 1953, on which date he alleged and testified that a piece of 2x4 lumber fell across the injured fingers of his right hand and further injured that member. It is disputed whether the second accident alluded to by plaintiff actually happened. It is conceded that after the accident in which his -hand was burned plaintiff received compensation at the rate ■of $30 per week (his salary being $50 per ■week) for a period of ten weeks.
Plaintiff, alleging that he is at the pres.ent time totally and permanently disabled -from doing work of any reasonable character, claims workmen’s compensation at the .rate of $30 per week for a period not exceeding 370 weeks. We are at a loss to •understand why plaintiff prays for com•pensation for 370 weeks in view of the fact ■.that he has received only ten weeks’ compensation; it occurs to us that if he is ■totally and permanently disabled he would vbe entitled to 390 weeks’ further compensation. ' .
The pith of the defense is that whatever -. disability may have been visited upon plaintiff has ceased and that plaintiff is fully • capable, from a physical standpoint, to return to his employment and is, therefore, ■ not entitled to compensation above and beyond the amount already paid, tp and re- . ceived by him.
Plaintiff - has appealed from a judgment • dismissing his suit.
Plaintiff produced as an expert medical ■.witness Dr. Blaise Salatich, a specialist in orthopedic surgery. This physician states that the plaintiff is now totally and pér-manently disabled and cannot, because. of his. physical .condition which resulted from the two accidents, return to his employment. Dr. Salatich did not treat the plaintiff but stated his knowledge of plaintiff’s condition was gained through three examinations ' which he made of plaintiff on June 11, August 22, and the last on December 16, 1953. ’ The present condition of plaintiff, as' found by Dr. Salatich, is that his right hand revealed' areas of de-pigmentation and residual' burned skin changes with tenderness of the fingers; plaintiff is unable to fully oppose the fingers of the right hand normally into the palm and the restriction was more pronounced in the second, third and fourth fingers; also, there is some loss’ of flexion movement of these fingers as compared 'to the fingers on the left hand. Dr. Sala-tich believed there was some loss of grasping, gripping and clenching force in the right hand as compared with the other hand.
We have not the benefit of the testimony of Dr.' Schulingkamp, - who treated plaintiff for the burns at- thé behest of Paul H. Alverson & Company, because neither party saw fit to produce Dr. Schulingkamp as a witness.
The defendant called two medical experts in its behalf, namely, Drs. Solomon .Wino-kur and Arthur N. Houston.
Dr. Winokur, specializing in “physical and rehabilitation,” actually treated plaintiff on four occasions; plaintiff had been referred to him by Dr. Houston. Dr. Winokur last saw plaintiff on June 19, 1953, •being of the1 opinion at that time that the condition of the patient’s' right hand was as good as it was prior to being ' burned and that there is no residual disability; he thought plaintiff was fully capable of carrying on his duties as a laborer. He discharged plaintiff on the above date upon plaintiff’s request because plaintiff stated to him that he wanted to return to work. Dr. Winokur' saw no reason why the request should not be granted, although he *182 stated that perhaps plaintiff’s hand should have been treated for another week.
' During the course of the trial Dr. Wino-kur examined plaintiff’s hand in open court and demonstrated to the trial judge that there, was full functional flexion of plaintiff’s fingers. ' '
Dr. Houston, who is an industrial surgeon, testified that plaintiff is entirely capable of returning to.his job; this physician, however, admitted that there is a fifteen-degree loss of flexion of the middle finger which of itself would not be a hindrance to the activities of plaintiff’s employment. Dr. Houston’s last statement on direct examination- was that there is a limitation of motion in two of plaintiff’s fingers, considering terminal interphalangeal joints, of probably five or ten percent of each finger.
.The trial judge .was of the opinion that plaintiff suffers no further disability beyond the ten weeks for which compensation had been paid, and that, he had completely recovered from the effects of the accidents insofar as his ability to do labor is concerned. The evidence warrants that conclusion. The record shows, that plaintiff is a robust, strong, well-nourished man of 40 years ot age, and in a demonstration in open court Dr-. Salatich had the plaintiff grip a hammer handle. The doctor, who also seems to be strong and robust, grasped the hammer at the other end and by pulling'Dr. Salatich was hardly able to budge the handle in plaintiff’s hand which was grasped solely by plaintiff’s right or allegedly injured member. This recital of the demonstration appears in the written reasons for judgment given by His Honor below.
The only question in the case is: Can the five to ten percent disablement of two of plaintiff’s fingers be the subject of a compensation award for specific injury? ■
 An injured, workman is not entitled to compensation ■ for . specific disability, such as the partial loss of the function .of two fingers, and in additiqn thereto compensation for temporary, total disability. He is entitled to recover either thq one or the other, whichever is the greater. Where compensation has been paid under the provisions of the statute relating to disability, the amount, of such payments shall be deducted from the compensation allowed for the specific loss o-f a member. LSA-R.S. 23:1223; Storm v. Johnson, La.App., 23 So.2d 639. The amount of compensation already paid plaintiff is in excess of the amount which the law allows him for the ten percent permanent partial loss of the use or function of his two fingers. LSA-R.S. 23:1221(4) (b, c, n, o).
The judgment appealed from is affirmed.
Affirmed.