121 So.2d 378 (1960)
Arthur OUSLEY, Plaintiff-Appellee,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Defendant-Appellant.
No. 5062.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
J. Minos Simon, Lafayette, for appellant.
Voorhies, Labbe, Voorhies, Fontenot & Leonard, Lafayette, for appellee.
Before TATE, MILLER and PUGH, JJ.
TATE, Judge.
The defendant insurer appeals from an award of compensation to the plaintiff for a facial disfigurement. The plaintiff answers the appeal, requesting chiefly penalties and attorney's fees for an allegedly arbitrary non-payment of compensation by the insurer.
The present suit is to recover compensation only under LSA-R.S. 23:1221(4)(p) of our compensation act, which provides:
"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, * *, the court may allow such compensation as is reasonable and as in proportion to the compensation herein above specifically provided in the case of specific disability, not to exceed sixtyfive per centum of wages during one hundred (100) weeks."
Trial of the claim was held on November 25, 1959, almost a year after the accident. After viewing the claimant and receiving two photographs of his face in evidence, the trial court awarded the plaintiff compensation at the rate of ten dollars per week (the minimum weekly compensation allowable, LSA-R.S. 23:1202) for the period *379 of 100 weeks provided by the quoted statutory section.
In seeking reversal of the award, the appellant chiefly contends that the scar is small and not seriously disfiguring. For, as Professor Malone has summarized in his authoritative treatise, Louisiana Workmen's Compensation (1951) Section 283, pp. 362-3: "In order that compensation be allowed for disfigurement, it must appear that the injury is materially disfiguring and is permanent in character. * * * Where the disfigurement is trivial or temporary in character compensation is usually denied."
In the photographs in the record the scar is evident, although not large or unusually pronounced. However, a scar on the face which significantly mars the natural facial expression and is such as to attract attention is a facial disfigurement compensable under the above-quoted provision. See Dickson v. United States Sheet & Window Glass Co., 2 Cir., 3 La.App. 83. On the basis of this record, which contains only stipulations as to the accident and the photographs in question, we cannot hold that the trial court erred in its award, especially since the trial court had the opportunity to inspect the claimant and to observe at first hand the noticeability of the scar.
The plaintiff by his answer to the appeal seeks a greater weekly award and penalties under LSA-R.S. 22:658 for the arbitrary non-payment of compensation. We must likewise, however, affirm the action of the trial court in awarding minimum compensation and in denying penalties.
From the record, it appears that the scar, while a compensable disfigurement, is a minimal disfigurement. We cannot say that the defendant insurer was arbitrary in seeking a judicial determination of its liability under the circumstances, where its defense that the scar was hardly noticeable and only slightly disfiguring so as to be non-compensable (Chisholm v. Jahncke Dry Docks, Inc., Orleans, 10 La. App. 323, 121 So. 684; De Soto v. Magnolia Pipe Line Co., Inc., 2 Cir., 9 La.App. 205, 119 So. 889) was not so insubstantial as to be frivolous or capricious.
For the foregoing reasons, the trial court judgment is
Affirmed.