128 So.2d 39 (1961)
David A. MILLER
v.
GENERAL CHEMICAL DIVISION, Allied Chemical and Dye Corp., and The Travelers Insurance Co.
No. 5181.
Court of Appeal of Louisiana, First Circuit.
March 6, 1961.
*40 Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellants.
J. D. DeBlieux, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.,
LANDRY, Judge.
Plaintiff appellee, David A. Miller, instituted this suit against his employer General Chemical Division, Allied Chemical and Dye Corporation and its compensation insurer, The Travelers Insurance Company, to recover workmen's compensation benefits at the rate of $35 per week for 400 weeks (for alleged total permanent disability) plus additional compensation at the same weekly rate for an additional 100 weeks (for reputed serious and permanent facial disfigurement) resulting from acid burns suffered by plaintiff on July 30, 1958, while acting within the scope and during the course of his said employment, together with penalties in the sum of 12% and attorney's fees as provided for in LSA-R.S. 22:658 with interest on each past due weekly installment from due date, until paid.
The trial court rejected plaintiff's demand for benefits for total permanent disability, statutory penalties and attorney's fees and rendered judgment in favor of plaintiff (for serious and permanent facial disfigurement *41 as permitted by LSA-R.S. 23:1221(4) (p),) in the sum of $25 per week for 100 weeks, plus interest at 5% on each past due weekly payment from due date until paid, subject to a credit for compensation previously paid.
Defendants have appealed said judgment contending (1) plaintiff was not entitled to an award for serious permanent facial disfigurement; (2) alternatively, such award should have been predicated upon the minimum award therefor in the sum of $10 per week and (3) in the second alternative, the trial court erroneously failed to specifically allow credit for the amount of $770 paid plaintiff in compensation (including a period during which plaintiff was admittedly paid full wages in lieu of compensation while on light duty).
Plaintiff has answered the appeal reurging his claim to compensation for total permanent disability and penalties and attorney's fees as originally prayed for.
It is conceded that plaintiff was injured on July 30, 1958, while performing duties within the scope and during the course of his employment by defendant, said injuries occurring when plaintiff was burned when aqueous hydrofluoric acid which escaped from a barrel near which he was working inflicting severe burns to his face, neck and left foot. Following the accident plaintiff was paid compensation at the rate of $35 per week until October 15, 1958, a period of 11 weeks. From October 15, 1958, until December 3, 1958, (a period of 7 weeks), plaintiff returned to work performing light duty for which he received his regular wages. On December 3, 1958, he was again placed on maximum compensation and received such benefits for an additional 4 weeks or until December 30, 1958, since which latter date he has been steadily employed at regular wages.
Although learned counsel for plaintiff strenuously reurges plaintiff's claim to disability for total permanent disability we find (as did the trial court) such contention is not supported by the evidence of record.
In this connection the record shows that since December 30, 1958, plaintiff has been steadily employed in his former employment at regular wages and has apparently performed all services required of him to the satisfaction of his employer. Plaintiff's chief complaint is that whereas he has been able to discharge all duties incident to his employment he has done so in pain and, therefore, is entitled to compensation under the well established line of jurisprudence of this state to the effect that an employee who can work only in pain is disabled within the meaning and intendment of our compensation law.
To substantiate his complaint of pain plaintiff relied primarily upon his own testimony (corroborated to a slight degree by that of Dr. Ducote, a practicing chiropodist) who examined plaintiff January 31, 1959, and found that whereas the skin graft performed on plaintiff's left foot had healed excellently, there appeared some residual swelling of plaintiff's left ankle, which in his opinion could have produced pain.
However, plaintiff also called as a witness Dr. Louis Mayer, (a physician in the employ of defendant General Chemical Division, Allied Chemical and Dye Corp.), who testified he saw and examined plaintiff on the date of the accident and again on March 1, 1960, which latter examination revealed a well healed skin graft on plaintiff's left foot with no evidence of tendon involvement or residual disability. Dr. Mayer was of the opinion that plaintiff is suffering no residual functional disability of the foot or ankle and that plaintiff is perfectly capable of performing his former duties without appreciable pain or discomfort.
It is interesting to note that despite plaintiff's contention he is compelled to work in constant pain, it is undisputed that *42 at no time has he complained to any of his superiors or fellow workers regarding pain in his foot nor has he at any time reported to the company infirmary for treatment or relief thereof. Since his injury plaintiff has worn a short boot to protect his left foot which is admittedly sensitive because of the skin graft but the evidence falls far short of convincing us (as it undoubtedly failed to convince the trial court) that plaintiff has substantiated his complaint of pain. On the contrary, plaintiff's own testimony indicates that by wearing the boot he is able to hold up very well under a "normal day's work". From the foregoing, we conclude (as did the trial court) plaintiff has failed to establish his claim of total permanent disability predicated upon the contention he can work only with pain.
We believe the trial court properly allowed plaintiff compensation for serious permanent facial disfigurement pursuant to LSA-R.S. 23:1221(4) (p). In this connection we find the facial cicatrices and discolorations sustained by plaintiff were described by Dr. Louis Mayer (predicated on his examination of March 1, 1960) as follows:
"Residual scars on his face, neck, nose and forehead remain. Mr. Miller exhibits a seven and one-half centimeter by two and one-half centimeter depigmented area extending from the inner border of the right eyebrow over the dorsum of the nose and into the area above the left eyebrow. There is a five millimeter by four centimeter depigmented area extending laterally and downward from the region of the nasal bones to an area just medial to the right maxillary antrum. A two by two and one-quarter centimeter scar with some depression in its lower most portion was noted over the dorsum of the nose. Another three millimeter by two centimeter healed scar which connects with the previous one runs from the right lower border of the previous scar to the upper portion of the columella. A four by nine-tenths centimeter scar which is principally noted by the absence of the pigment extends diagonally outward and downward just below the maxillary antrum on the right. Another faint two by eight-tenths centimeter depigmented area with slight roughening extends upward and outward directly over the maxillary antrum on the right side. There are no abnormalities of the left side of the face. A five and one-half centimeter irregular depigmented area varying between eight millimeters and two millimeters in width is noted behind and below the right ear. A two centimeter by two to four millimeters depigmented area is noted just below this on the right upper neck."
Translated into lay language the foregoing means that plaintiff (whose complexion is naturally dark and swarthy) has suffered depigmentation (bleaching or whitening) of the entire nasal surface and an area extending one-half inch above and following the contours of his eyebrows. In addition, he has a rather large depigmented area on his right cheek, a similar condition on his neck under the right ear and numerous small depigmented areas on his right cheek and lower right side of his neck. The left side of his face is relatively free from disfigurement save for the area above his left eyebrow herein previously described.
Defendants having offered plaintiff himself in evidence in the lower court, plaintiff was presented to this court for visual examination particularly with regard to his physiognomic appearance. We note also of record several photographs of plaintiff purporting to show the disfigurement upon which he predicates his right of recovery herein. After viewing the person of plaintiff this court is of the opinion that his disfigurement is serious and permanent and fully justified the award therefor granted by the trial court. We observe further that the photographs introduced in evidence do not show the degree of disfigurement *43 to the extent that same is revealed upon viewing the person of plaintiff. The bleached, depigmented and whitened areas of plaintiff's face is in obvious, evident, sharp contrast with his naturally dark and swarthy complexion to the extent it serves to disfigure his personal appearance and render it more obtrusive. We believe that the award of $25 per week for 100 weeks (which affords plaintiff total recovery in the sum of $2,500) is reasonable and proper in view of the circumstances of this case.
Considering now the question of the amount of credit due defendants for compensation payments previously made, the controlling provision of the workmen's compensation law is LSA-R.S. 23:1223 which reads as follows:
"Where compensation has been paid under subdivision (1), (2), or (3), of R.S. 23:1221, the amount of such payment shall be deducted from any compensation allowed under subdivision (4) thereof or under Sub-part C of this part."
Despite the contention of learned counsel for plaintiff to the contrary, it is the established jurisprudence of this state that an employee may not recover compensation both for total disability and for a specific loss but he may recover for one or the other, the employee being permitted recovery under whichever provision affords him greater compensation. McGruder v. Service Drayage Co., Inc., 183 La. 75, 162 So. 806; Jackson v. Steel Fabricators, Inc., La.App., 90 So.2d 397; O'Connor v. American Mutual Liability Ins. Co., La.App., 87 So.2d 16; Cooper v. Employers Liability Assurance Corporation, La.App., 80 So.2d 180; Storm v. Johnson, La.App., 23 So.2d 639. Moreover, the jurisprudence of this state is established to the effect that when compensation has been paid for temporary total disability prior to allowance for a specific loss there must be deducted therefrom (on a dollar for dollar basis rather than a week for week basis) all compensation previously paid as well as such credit as the employer may be entitled to for wages paid in lieu of compensation. Henry v. Ware Cotton Batting Plant, etc., La.App., 117 So.2d 270; Flanagan v. Welch, La. App., 93 So.2d 36; Francois v. Circle Drilling Co., La.App., 112 So.2d 771.
Learned counsel for plaintiff has cited Kennedy v. Bayou Rapides Lumber Co., 25 So.2d 16, decided in 1946 by our brothers of the Court of Appeal, Second Circuit, as authority for the proposition that an injured employee may recover compensation for a specific loss in addition to compensation for disability. We have read the foregoing authority and find that whereas it does in fact hold as learned counsel for plaintiff contends, said decision has never been followed or cited by any other appellate court of this state and stands alone expressly contrary to the provisions of LSA-R.S. 23:1223 as well as the prior jurisprudence interpreting said statutory provisions, namely: McGruder v. Service Drayage Co., Inc., supra, and Storm v. Johnson, La.App., 23 So.2d 639, both of which cases were decided prior to the Kennedy case relied upon by counsel for plaintiff herein. We are not disposed to follow the Kennedy case inasmuch as it disregards not only the express terms and provisions of the statute hereinabove mentioned but also the previous decision of our Supreme Court rendered in McGruder v. Service Drayage Co., Inc., supra, which we deem decisive of the issues.
Whereas, it might be argued that the Kennedy case is authority only for the proposition that an award of additional compensation may be made only in disfigurement cases and for said reason should be followed by this court, this argument nevertheless ignores the fact that recovery for disfigurement is one of the specific losses provided for under subdivision (4) of LSA-R.S. 23:1221, and LSA-R.S. 23:1223 provides no exception which would justify application of a different rule for cases involving serious and permanent disfigurement. As we understand and interpret Sec. 1223 it specifically provides, without exception, *44 that where compensation has been paid under subdivisions 1, 2 or 3 of LSA-R.S. 23:1221, the amount thereof shall be deducted from any compensation allowed under subdivision (4) thereof, which includes, inter alia, compensation allowable for serious permanent disfigurement.
Following the accident, plaintiff was either paid compensation at the maximum rate of $35 per week or wages in lieu of compensation in excess of said amount of $35 weekly for a period of 22 weeks from which it follows defendants are entitled to credit against the amount of compensation due plaintiff in the sum of $35 per week for 22 weeks or the sum of $770.
We do not believe that this is a proper claim for imposition of penalties and attorney's fees pursuant to the provisions of LSA-R.S. 22:658 as urged by counsel for plaintiff considering plaintiff has been paid full compensation during his period of disability and is presently employed by defendant employer at wages in excess of those received at the time of injury.
As requested by the counsel for defendant, the judgment of the trial court will be amended so as to clarify the amount of credit to which defendants are entitled to herein.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff David A. Miller and against defendants General Chemical Division, Allied Chemical and Dye Corp. and the Travelers Insurance Company, in solido, awarding plaintiff compensation at the rate of $25 per week for 100 weeks beginning July 30, 1958, plus interest on each past due installment at the rate of 5% per annum from due date until paid subject to a credit in favor of defendant for compensation previously paid at the rate of $35 per week for 22 weeks, or the sum of $770.
The judgment of the trial court is therefore amended as hereinabove set forth and, as amended, affirmed at appellant's cost.