278 So.2d 805 (1973)
Michael J. TEMPLET, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellant,
No. 9369.
Court of Appeal of Louisiana, First Circuit.
May 29, 1973.
*806 Frank M. Coates, Jr., Baton Rouge, for defendant-appellant.
E. Robert Sternfels, Napoleonville, for plaintiff-appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is a workmen's compensation claim brought by plaintiff, Michael J. Templet, in which he seeks compensation for alleged permanent facial disfigurement under the provisions of L.R.S. 23:1221(4)(p).
Plaintiff was injured when he was struck across the face with a sharp metallic object while he was working as a welder's helper for the Fred Settoon Contracting Company of Belle River, Louisiana. As a result of the accident plaintiff sustained contused lacerations of the right cheek and of the bridge of the nose. Plaintiff's lacerations were surgically closed by Dr. William Landry of Norco, Louisiana. X-rays at that time revealed no fractures of his nose and he was not hospitalized.
Subsequently, plaintiff was seen by Dr. Leo A. Farmer of Baton Rouge on at least *807 two occasions. Dr. Farmer's last report, dated August 22, 1972 and introduced at trial, described the scarring on plaintiff's nose as follows:
"At the present time, the scar has matured. It measures the same as it did previously, seven-eighths of an inch by one-quarter of an inch. Again, it is obvious on viewing the patient, is deeply pigmented, and is brown. Again, I feel that the patient would benefit by scar revision. He is not at this time certain whether or not he would like the scar revision. He is cautioned again that no guarantee of results can be made, however, it is possible that the scar can be made less disfiguring. However, because of the tendency of the body to heal by scarring, the man will continue to have a scar regardless of what is done."
Plaintiff was also seen by Dr. Richard W. Hughes a Baton Rouge plastic surgeon, and his report, also introduced at trial, states in pertinent part as follows:
"This young man has a scar of the bridge of the nose with retained foreign material that is causing this traumatic tatoo. In its present condition the scar is disfiguring because of the retained foreign material. This material could be removed at the time of scar revision. Following scar revision he would have some residual scarring but it would be greatly improved in appearance. The scar would not be pigmented after revision.... following this he would have only minimal residual scarring."
Trial was held on October 25, 1972 at which time the above mentioned medical reports and several pictures of plaintiff's face were introduced in evidence. The plaintiff's scarring was viewed by the trial judge and the case was taken under advisement. Subsequently, judgment with written reasons therefor was rendered in favor of plaintiff awarding him workmen's compensation in the amount of $25.00 per week for 100 weeks. From this judgment defendant has suspensively appealed.
Defendant contends that the trial court erred in awarding any compensation to plaintiff and alternatively, that the trial court erred in granting more than the minimum amount of compensation allowable. Plaintiff has neither appealed nor answered defendant's appeal, but contends in brief that the judgment of the trial court should be affirmed.
The trial judge in his written reasons for judgment found it appropriate to require the plaintiff to undergo the scar revision surgery for the scar on the bridge of his nose recommended by both Dr. Farmer and Dr. Hughes and assumed for the purposes of decision that plaintiff would have some residual scarring even after the revision surgery. With this conclusion we agree. It is well established in our jurisprudence that workmen's compensation claimants can be required to undergo minor surgery in order to correct and relieve an existing disability where there is no danger to life and where only a minimum amount of risk and pain are involved. Skidmore v. Drumon Fine Foods, Inc., 119 So.2d 523 (Orl.App.1960) cert. denied June, 1960; Castill v. H. E. Wiese, Inc., 231 So.2d 406 (1st La.App.1970); Bass v. Service Pipe Trucking Company, Inc., 273 So.2d 349 (3rd La.App.1973).
The trial court then awarded compensation for disfigurement to plaintiff based upon the existing scar on his right cheek and the residual scarring to the bridge of his nose which will remain following the scar revision surgery. The award of compensation for plaintiff's facial disfigurement was made pursuant to L.R.S. 23:1221(4)(p) which provides that in cases not covered by any other provisions of that section of our workmen's compensation law, an employee, who is seriously permanently disfigured about the face or head, may be allowed reasonable compensation in proportion to the compensation provided for specific disability, not to exceed 65 percent of wages for 100 weeks.
*808 It is well settled that in order to recover for facial disfigurement under the above mentioned statute the injury must be materially disfiguring and permanent in nature. Ousley v. Employers Mutual Liability Insurance Company of Wisconsin, 121 So.2d 378 (1st La.App.1960); Dykes v. North River Insurance Company, 270 So. 2d 329 (1st La.App.1972), writ refused, La., 272 So.2d 375 (1973). It is equally well settled that slight or insignificant scarring that is not readily noticeable is not compensable. DeSoto v. Magnolia Pipe Line Company, Inc., 9 La.App. 205, 119 So. 889 1928); Chisholm v. Jahncke Dry-Docks, Inc., 10 La.App. 323, 121 So. 684 (Orl.App.1929).
Defendant argues that after the scar revision surgery the scar on plaintiff's nose will no longer be disfiguring. Defendant also contends that the scar on plaintiff's right cheek just under his right eye is only a slight or insignificant scar and as such is not compensable under the statute.
In passing upon this issue the trial court in written reasons for judgment stated as follows:
"In the instant case the scar on the right cheek is evident, fairly large, and such as to attract immediate attention, although it is not seriously discolored or unusually pronounced. In addition, the plaintiff will have some minimal residual scarring on the bridge of the nose following scar revision."
The trial court also cited and discussed the case of Ousley v. Employers Mutual Liability Insurance Company of Wisconsin, supra, in connection with this issue. In Ousley, an award of $10.00 per week (the minimum compensation allowable at that time) for 100 weeks was upheld for disfigurement to the claimant due to a facial scar. In determining whether the facial scar was a compensable disfigurement, this court stated:
"In the photographs in the record the scar is evident, although not large or unusually pronounced. However, a scar on the face which significantly mars the natural facial expression and is such as to attract attention is a facial disfigurement compensable under the above-quoted provision. See Dickson v. United States Sheet & Window Glass Co., 2 Cir., 3 La.App. 83. On the basis of this record, which contains only stipulations as to the accident and the photographs in question, we cannot hold that the trial court erred in its award, especially since the trial court had the opportunity to inspect the claimant and to observe at first hand the noticeability of the scar."
(121 So.2d at 379).
Likewise, in the case at bar we cannot say that the trial court erred in its determination that the facial scars sustained by the plaintiff are compensable under L.R.S. 23:1221(4)(p). The record before us contains only the various medical reports and several photographs of plaintiff's face. Upon examination of the photographs, we find, as did the judge a quo, that the scarring on plaintiff's right cheek and the bridge of his nose is evident and constitutes a compensable disfigurement.
Defendant cites in brief the case of Addison v. Neeb Kearney and Company, 252 So.2d 471 (4th La.App.1971) in support of its contention that plaintiff's facial scars should not be held compensable. In that case the claimant sought compensation for facial disfigurement which resulted from the surgical repair of a fractured cheekbone sustained during the course of his employment as a freight handler. The surgical scar complained of was approximately one and one-half inches in length. All of the medical testimony was to the effect that the scar was very well healed and barely detectible on close scrutiny. Such is not the case in the instant suit. According to the reports of both Dr. Farmer and Dr. Hughes, even after surgical scar revision there will still be residual scarring on the *809 bridge of plaintiff's nose. In addition, the scar on plaintiff's right cheek is readily obvious and will remain permanently evident.
We now turn to the question of the amount of compensation to be awarded. In arriving at the amount to be awarded the trial court in written reasons for judgment stated as follows:
"In the Ousley case the First Circuit affirmed the trial court award of $10.00 per week, the minimum weekly compensation allowable under LSA-R.S. 23:1201, for the statutory period of 100 weeks provided in LSA-R.S. 23:1221 (4)(p). In the subsequent case of Miller v. General Chemical Division, 128 So.2d 39 (La.App. 1st Cir. 1961) where the disfigurement was more serious and involved several depigmented areas, the First Circuit affirmed an award of $25.00 per week for 100 weeks, the then maximum.
"It is fundamental that in assessing damage awards in tort actions each case must be determined on its own merits, and this is equally true in disfigurement cases under workmen's compensation. The degree of disfigurement involved here is somewhat greater than in the Ousley case but perhaps not quite as serious as that presented in the Miller case. However, considering the awards in those two cases and the decline in the purchasing power of the dollar which has taken place in the more than ten year interval since those cases were decided, as well as the increase in the statutory maximum, and after viewing the plaintiff in person as well as considering the photographs and the medical reports in the record, the court finds that an award of $25.00 per week for 100 weeks will do substantial justice to the plaintiff."
It is well established that an award by the trial court in workmen's compensation cases should not be disturbed unless found to be manifestly erroneous. Laborde v. Liberty Mutual Insurance Company, 200 So.2d 670 (3rd La.App.1967), writ denied, 251 La. 224, 203 So.2d 557 (1967); Clevinger v. Continental Insurance Companies, 211 So.2d 718 (2nd La. App.1968). Upon review of the evidence in this record we are of the opinion that the award by the trial court of $25.00 per week for 100 weeks is not manifestly erroneous.
Therefore, for the above reasons, the judgment of the district court is affirmed at appellant's costs.
Affirmed.