371 So.2d 328 (1979)
Hilda LEWIS, Divorced Wife of George Blatch
v.
ORLEANS PARISH SCHOOL BOARD.
No. 9967.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Derbes & Derbes, James G. Derbes, New Orleans, for plaintiff-appellee.
Jefferson, Bryan & Gray, Trevor G. Bryan, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and SCHOTT, JJ.
SAMUEL, Judge.
Defendant appeals from a judgment awarding plaintiff the sum of $171.62 for 25 weeks in workmen's compensation for a residual disfiguring facial scar and $250 in attorney's fees.
The issues before this court are: (1) Whether the scar was compensable under the provisions of LSA-R.S. 23:1221(4)(p); and (2) whether defendant can and should be cast for attorney's fees.
*329 Plaintiff, a school teacher employed by the defendant, was injured during the course and scope of her employment when she went to a window to speak to a student outside of the building. Thinking it was open, which it was not, she attempted to put her head through the window, shattering the glass. It is conceded that plaintiff has a facial scar as a result of the incident. The trial court found as a fact that plaintiff has a visible scar which does "seriously permanently disfigure plaintiff aesthetically" and that, based upon medical testimony, time will not completely erase the scar concerning which an operation is not recommended.
Dr. G. W. Hoffman, a plastic surgeon, evaluated plaintiff's injury for the defendant. After seeing her on March 17, 1977 for the injuries sustained on October 28, 1976, he testified: She had a well healed 3.5 centimeter (about 1½ inch) scar on the right forehead, flat, not red, faint. The scar looked somewhat better to the doctor at the time of trial. Since the scar runs horizontally he considered it in a good position as frowns run horizontally. He considered it "a very nice horizontal scar, slightly diagonal" and agreed plaintiff will never be completely rid of the scar. He thought it would fade but would always be visible. He did not recommend surgery and did not consider the scar materially disfiguring.
Statutory authority for compensation for facial disfigurement is found in LSA-R.S. 23:1221(4)(p), which provides in pertinent part:
"(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks." LSA-R.S. 22:1221(4)(p).
It is well settled that in order to recover for facial disfigurement under the above statute the injury must be materially disfiguring and permanent in nature.[1] Appellant argues a faint and fading scar does not constitute compensable serious permanent disfigurement.
While appellant's doctor did not consider the scar materially disfiguring, it is clear the trial court did not agree with the conclusion that the plaintiff had "a very nice . . . scar" but did agree with the conclusion that the scar would be permanent. Having seen the scar for himself, the trial judge did not commit error in disregarding that portion of the doctor's conclusion that the scar was not materially disfiguring.[2]
After making his own evaluation, the trial judge may accept or reject an opinion expressed by any medical expert, depending on how impressed he is with the qualifications, credibility and testimony of that expert.[3] In short, he is obliged to evaluate the testimony of a medical witness according to the same rules applicable to other witnesses.[4]
We find no abuse of discretion in the award for compensation for 25 weeks, or one-quarter of the maximum award the trial court could have given. The award obviously was based upon the judge's inspection and consideration of plaintiff's disfigurement and we are unable to make such an inspection.
Relative to the award of attorney's fees, appellant argues it has sovereign immunity *330 from those charges, or alternatively, no fees are due because the rejection was not arbitrary and capricious.
Since the doctrine of sovereign immunity has been first judicially and later constitutionally abrogated,[5] we do not agree defendant is exempt from penalties by R.S. 23:1201.2(A) if it has been arbitrary and capricious in its refusal to pay. However, that refusal in the instant case was based upon a medical report submitted to defendant by Dr. Hoffman, its medical expert. Based upon that report, which indicated no compensation was due, we do not find defendant's refusal to have been arbitrary or capricious.[6] Therefore, no attorney's fee or penalty can be assessed against the defendant.
For the reasons assigned, the judgment appealed from is amended only insofar as it awards the $250 attorney's fee and that award is set aside. As thus amended, and in all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Templet v. Travelers Insurance Company, La. App., 278 So.2d 805; Dykes v. North River Insurance Company, La.App., 270 So.2d 329; Ousley v. Employers Mutual Liability Insurance Company of Wisconsin, La.App., 121 So.2d 378.
[2] See Canter v. Koehring Company, La., 283 So.2d 716.
[3] Jennings v. Halliburton Co., La.App., 346 So.2d 268; Matirne v. Wilson, La.App., 336 So.2d 960; Touchet v. Fidelity and Casualty Co. of New York, La.App., 264 So.2d 752.
[4] Frame v. Majors, La.App., 224 So.2d 65; Williams v. Southern Advance Bag & Paper Company, La.App., 87 So.2d 165.
[5] Article 12, Sec. 10(A), La.Const.1974; Darville v. Associated Indemnity Corporation, La., 323 So.2d 441; Board of C. of P. of New Orleans v. Splendour S. & E. Co., La., 273 So.2d 19; see also Segura v. Louisiana Architects Selection Bd., La., 362 So.2d 498.
[6] Christophe v. Southern Bridge Company, La. App., 250 So.2d 822; Veillion v. Knapp & East, La.App., 158 So.2d 336; Darden v. Henry E. Johnson, Inc., La.App., 145 So.2d 75; Stogner v. American Motorists Insurance Company, La. App., 123 So.2d 655.