GRISBAUM, Judge.
This is a worker’s compensation matter. The plaintiff/appellee, Becky Marland, was an employee of The Establishment, Inc., the defendant/appellant when she sustained a fractured nose as a result of a work-related accident. The trial court awarded worker’s compensation benefits for “disfigurement about the face,” and The Establishment, Inc. appeals. We affirm.
Two issues are presented:
(1) Whether the defendant sustained its burden of proving the plaintiff’s injury was caused by-her intoxication.
*162 (2) Whether the plaintiffs injury is materially disfiguring and permanent in nature so as to be compensable under our Revised Statute 23:1221(4)(p).
On December 10, 1980, while in the course and scope of her employment, Becky Marland tripped on steps and fell, striking her nose on a nearby chair and sustaining a nasal fracture. A co-employee rushed her to the emergency room of West Jefferson Hospital where she was immediately treated. The next day she was seen by Dr. John Hart, stipulated at trial to be an expert in the field of medicine with a speciality in the field of ear, nose, and throat, who performed surgery on the cartilage structure.
Applicable to the initial issue is Revised Statute 23:1081(l)(b) which provides that no compensation shall be allowed for an injury caused by the injured employee’s intoxication at the time of the injury. Importantly, section 1081(2) places the burden of proving intoxication upon the employer. The record reflects an employee of The Establishment, Inc. brought beer onto the premises on the evening of the injury, and Becky Marland along with her co-employee drank beer in the presence of the store manager. Ms. Marland testified she drank only about one-quarter of one can of beer, and the defendant failed to produce any witnesses to counter this statement. Two witnesses, Karen McIntosh, the store manager, and Sharon Berry, who was at the time of the accident an employee of The Establishment, Inc., testified for the defendant. Ms. McIntosh testified that on the day of the accident the plaintiff appeared “bubbly,” was carrying some “little white pills,” had been stumbling, was in a “strange mood,” and slurred her speech. Berry further testified that a week after the accident the plaintiff told her she had lost a marijuana “joint” at the site of the accident. Berry’s possible bias against the plaintiff was demonstrated on cross-examination when she testified there had been arguments and ill feelings between herself and the plaintiff. We find from this record, apart from Berry’s testimony, which the trial court apparently disbelieved, there is no evidence to support a finding of the plaintiff’s intoxication. Reasonable evaluations of credibility made by the trier of fact should be accorded great weight by the reviewing court. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998, 999 (La.1978). Accordingly, the defendant failed in its burden of proving this defense.
With regard to the second issue of whether the plaintiff’s injury is materially disfiguring and permanent in nature so as to be compensable under our Revised Statute 23:1221(4)(p), the record reflects The Establishment, Inc. alleged that any disfigurement of Becky Marland’s nose was not a result of her accident on the defendant’s premises, but rather was a result of a prior accident. The defendant presented three witnesses at the trial. Timothy Hummel testified he had seen the plaintiff before and after the accident and there was “no difference in her nose.” Karen McIntosh stated, “it wasn’t grossly different,” and “I never paid any attention basically.” Sharon Berry, a witness whose possible bias was brought out by the plaintiff’s attorney at trial, testified there was “no difference at all in Becky Marland’s nose.” She also stated the plaintiff admitted to her that she had sustained a broken nose more than a year prior to the time of her accident at The Establishment, Inc. and had been wanting to get it fixed. We note the defendant presented no expert witnesses. On the other hand, the plaintiff testified that her nose had never before been injured or broken and was “perfectly straight” before her accident. She further stated that in addition to the scar on her nose and its disalignment, she suffers from an inability to breathe properly on humid days as a result of the injury. Dr. Hart stated at trial that upon examining the plaintiff on December 31, 1980, he found a recent fracture of the nose and defined fracture as a “nasal bone pushed to one side,” in this case to the left side. The fracture, he stated, was “quite noticeable” and “to a significant degree” with considerable swelling of the soft tissues of the *163 nose. Dr. Hart performed surgery (a procedure called “closed reduction of the nasal fracture”) in order to straighten the fractured fragments of the nose. The results of the surgery, according to Dr. Hart, were “acceptable” not “good” in that the airways of both nostrils were good and there was only a minor deflection of the bone to the left and a small, visible scar on the nasal dorsum. He concluded from a final examination of the patient the small and visible scar as well as the bump on the nasal dorsum were permanent. The nose, according to Dr. Hart, was not absolutely straight or perfect, and there was “facial asymmetry.” He further stated the facial asymmetry could be a pre-existing asymmetry but that the slight deformity in the nose consisting of a shortening of the bone was from a recent injury. He further stated at least some of the bump was a result of the surgery and thus was not the result of an earlier accident as alleged by the defendant. No photographs of the plaintiff were introduced into evidence.
Where compensation is to be allowed for disfigurement, it must appear that the injury is materially disfiguring and is permanent in character. Ousely v. Employers Mutual Liability Insurance Company, 121 So.2d 378, 379 (La.App. 1st Cir. 1960); Lewis v. Orleans Parish School Board, 371 So.2d 328, 329 (La.App. 4th Cir. 1979). A scar on the face of a claimant, which significantly mars the natural facial expression and is such as to attract attention, is a compensable “facial disfigurement.” Ousely v. Employers Mutual Liability Insurance Company, supra.
We find, as did the trial court, the evidence justifies an award of compensation for facial disfigurement. The plaintiff presented expert medical testimony in her favor and without contradiction by the defendant, and the trial judge, upon firsthand observation, found the plaintiffs injury materially disfiguring and compensable under our Revised Statute 23:1221(4)(p).
For the reasons assigned, the judgment of the trial court is affirmed, and all costs of this appeal are to be assessed against the appellant.
AFFIRMED.