LOBRANO, Judge.
Plaintiff, Elvin Brooks, recovered the maximum compensation allowed under R.S. 23:1221(4)(p)[1] for a burn to his wrist while in the employ of Avondale Shipyards. Avondale appeals asserting that (1) recovery under R.S. 23:1221(4)(p) is allowed only for disfigurement about the head and face, or that, at least, the disfigurement should be serious; (2) that R.S. 23:1221(4)(p) should be read together with subsection (q); (3) the trial court erred in giving the maximum award and (4) plaintiff’s case has prescribed.
Elvin Brooks was employed by Avondale Shipyards, Inc. as a welder. On or about March 10, 1986 while demonstrating to a co-worker how to operate a welding machine, he suffered burns to his wrist when the watch and band he was wearing heated.
Brooks initially received benefits under the Longshoremen and Harbor Worker’s Compensation Act, in addition to the medical expenses paid by Avondale. On April 2, 1987 he instituted these proceedings under the disfigurement provisions of the Louisi *961 ana Worker’s Compensation Act (R.S. 23:1221(4)(p)). The trial court awarded him the maximum benefits, and Avondale perfects this appeal.
Avondale urges that La.R.S. 23:1221(4)(p) should be interpreted to require benefits only when the disfigurement or scarring is to the head and face. In support' of this argument, they refer to subsection (p) and its interpretative jurisprudence prior to its 1983 amendment.
Prior to the 1983 amendment, subsection (p) provided, in part:
“In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the head and face ...”
The 1983 amendment deleted the phrase “about the head and face” and now states that recovery is allowable “where the employee is seriously and permanently disfigured.”
Avondale argues that the legislative intent of the 1983 amendment was to reduce the cost of worker’s compensation and that to apply the scarring or disfigurement provisions to all parts of the body would defeat that purpose. Thus, they urge this Court to read the “head and face” provision back into the statute. This we cannot do.
The statute is clear and concise. It has been in effect since July of 1983 with no legislative attempt to restrict the disfigurement provisions. We cannot change the clear wording of the statute. We interpret it to mean that recovery may be awarded for serious and permanent disfigurement of any part of the body. What constitutes a serious and permanent disfigurement is discussed later in this opinion.
Avondale further argues that subsection (q) which requires a minimum of 25% disability, should be satisfied before any payment is made under subsection (p). We disagree.
The pertinent portions of subsection (q) provide that “[n]o benefits shall be awarded or payable in this Paragraph (i.e. paragraph 4) unless ... loss of physical function as provided in Subparagraph (p) of this Paragraph is greater than twenty-five per-cent_” The only “loss of physical function” referred to in subparagraph (p), however, is “the usefulness of the physical function of the respiratory system, gastrointestinal system, or genito-urinary system, as contained within the thoracic or abdominal cavities.... ” There is no reference to an impairment of a physical function when the claim is for disfigurement benefits. To suggest, as Avondale does, that in order to recover compensation for disfigurement an employee must also have a minimum 25% disability would negate the “seriously and permanently disfigurement” provision of subparagraph (p). A logical and reasonable interpretation of (q), as it applies to (p), is where an employee has an impairment of the physical function of his respiratory system, gastrointernal system or urinary system that impairment is com-pensable only if it exceeds the 25% requirement of (q).
We do find merit in Avondale’s argument concerning the seriousness of the disfigurement. We are aware of only one case since the 1983 amendment dealing with scarring or disfigurement of parts of the body other than the head and face.[2] Prior to the 1983 amendment, the phrase “head and face” was preceded by the descriptive term “serious and permanent”. Thus even when disfigurement recovery was limited to the head and face, it still had to be serious and permanent. In Davis v. United Parcel Service, Inc., 427 So.2d 921 (La.App. 3rd Cir.1983), the court reviewed prior jurisprudence and concluded that “rather precise factual standards” have been used in determining if an employee is seriously permanently disfigured. We quote the court’s review:
“The jurisprudence of this and other circuits has consistently held that, for a scar to be compensable under R.S. 23:1221(4)(p); i.e., for an employee to be considered seriously permanently disfigured, the scar complained of must be materially disfiguring and permanent in *962 character. Karmazin v. Kaiser Aluminum & Chem. Corp., 374 So.2d 202 (La.App. 4th Cir.1979), (i.e., a facial scar which significantly mars the habitual facial expression and is such as to attract attention); Lewis v. Orleans Parish Sch. Brd,., 371 So.2d 328 (La.App. 4th Cir.1979), writ den., 373 So.2d 526 (La.1979), (well settled); Templet v. Travelers Insurance Company, 278 So.2d 805 (La.App. 1st Cir.1973), (well settled); Dykes v. North River Insurance Company, 270 So.2d 329 (La.App. 1st Cir.1972), writ ref’d, 272 So.2d 375 (La.1973), (jurisprudence is settled); Addison v. Neeb Kearney & Company, 252 So.2d 471 (La.App. 4th Cir.1971), (scar complained of barely detectable even on close scrutiny; trial judge found no serious permanent disfigurement); Landry v. Liberty Mutual Insurance Company, 236 So.2d 235 (La.App. 3rd Cir.1970), (evidence does not show material disfigurement); Miller v. General Chemical Division, 128 So.2d 39 (La.App. 1st Cir.1961), (acid burns; disfigurement is serious and permanent award justified); Ousley v. Employees Mutual Liability Ins. Co. of Wis., 121 So.2d 378 (La.App. 1st Cir.1960), [cites Malone, Louisiana Workmen’s Compensation Sec. 283, pp. 362-363 (1951), re: requirement that injury be materially disfiguring and permanent in character.] Thus, the jurisprudence has developed rather precise factual standards to be used in determining if an employee is ‘seriously permanently disfigured’ as required by the statute.” Id. at 924, 925.
We conclude, as did the court in Davis, supra “that an employee is ‘seriously permanently disfigured' only when a finding is made that the employee is materially .disfigured and the scar is permanent in character.” Id. at 925.
Mindful of our duty “that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong’ ... ”, Rosell v. Esco, 549 So.2d 840 (La.1989), we review the evidence.
Brooks received second and third degree burns around and on the inside of his wrist when his watch and band heated while operating a welding machine. Photographs in evidence clearly show the imprint of the watch and its band on Brooks’ left wrist. The medical evidence substantiates the fact plaintiff’s scarring is permanent. However, we deem “clearly wrong” the trial court’s conclusion that the disfigurement was “serious” as contemplated by the statute.
In Bourgeois v. Houma General Painting, 515 So.2d 486 (La.App. 1st Cir.1987) the court awarded plaintiff 50% of his wages for one hundred weeks for the loss of four front teeth and facial scarring which the court described as not material disfigurement. In Davis v. United Parcel, supra, the court refused to award any compensation to a plaintiff who had a facial laceration, one inch long lateral to his eye. The laceration left a minor scar. The court found that the scar was hardly detectable. There was no discoloration nor protrusion. The court concluded that there was no serious permanent disfigurement within the meaning of the statute. However, in Miller v. General Chemical Division, 128 So.2d 39 (La.App. 3rd Cir.1961) the court found no error in awarding the maximum benefits for the scarring and disfigurement of plaintiff’s face as a result of acid burns.
In the instant case the scar on Brook’s wrist, although noticeable, is not materially disfiguring as contemplated by the statute. It is not of such magnitude as to attract serious attention. We hold that it is not serious enough to justify the maximum award and we therefore reduce it to 15% of plaintiff’s wages for a period of one-hundred weeks.
PRESCRIPTION
Avondale relies on Callahan v. Louisiana Offshore Caterers, Inc., 546 So.2d 956 (La.App. 3rd Cir.1989) in support of its argument that plaintiff’s claim has prescribed.
We need not address that case since it has no application to the instant situation. Plaintiff’s injury occurred March 10, 1986. Suit was filed April 2, 1987. However, the record shows that plaintiff received notice on March 9, 1987 of the Department of *963 Labor’s rejection of his claim. His attorney received the same notice on March 5, 1987. Therefore it is logical to conclude plaintiff filed his claim with the labor department within one year of his accident. Thus, his claim was timely. La.R.S. 23:1209.
Accordingly, we reduce the judgment of the trial court and award plaintiff 15% of his wages for a period of one-hundred weeks, plus interest and costs. In all other respects the judgment is affirmed.
AMENDED AND AS AMENDED AFFIRMED.

. R.S. 23:1221(4)(p) provides for a maximum recovery of 66[2]/⅞⅜ of wages for 100 weeks.