Opinion by
 

 Baldrige, J.,
 

 Compensation for permanent disfigurement of tbe bead or face may be awarded under Section 306(c) of
 
 *228
 
 the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186 (77 PS §513). This amendment reads as follows: “For serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-five percentum of the wages, not to exceed one hundred and fifty weeks.” To bring this case, involving the loss of an eye, within its provisions, the disfigurement must be such that does not normally follow the loss of that member. If compensation, in addition to the amount allowed for the loss of a member of the body, is claimed, it is essential to show that some other part of the body is affected as a direct result of the injury:
 
 Lente v. Luci,
 
 275 Pa. 217, 222, 119 A. 132.
 

 This claimant received an injury May 23,1929, which resulted in the industrial loss of the use of his right eye. The eye remained in its socket and coordinated with the other eye, with no apparent change in his appearance. He was paid compensation for all disability, whatever it may be, emanating from or connected with the loss of the organ, in accordance with Section 306(c). The use of the eye having been lost, and compensation paid therefor, the claimant cannot recover a second time because of its subsequent removal, as the permanent loss of the use of the eye is considered equivalent to its physical loss. “That would be paying twice for what under the act is the same thing:”
 
 Quinn v. American I. Ship Bldg. Corp.,
 
 77 Pa. Superior Ct. 304, 306. See also,
 
 Leed v. State Workmen’s Ins. Fund et al.,
 
 128 Pa. Superior Ct. 572, 194 A. 689.
 

 On July 7, 1936, while claimant was in the course of his employment, a piece of steel hit this same eye, causing an acute inflammatory glaucoma, which necessitated its removal, and it was replaced with a glass eye. Claimant contends that as a result of the second injury he is now seriously and permanently disfigured. The
 
 *229
 
 referee disallowed compensation for disfigurement, but granted an award for disability for a period of 4-4/7 weeks, to which there was no objection. The board, on appeal, modified the referee’s findings of fact and conclusions of law, and allowed claimant compensation for disfigurement for a period of 40 weeks, subject to the credit of the amount paid for disability. The learned court below sustained the board. We think the granting of an award was erroneous as all the testimony showed that whatever disfigurement exists is that which usually follows the removal of an eye and the substitution of a glass one.
 

 In
 
 Sustar v. Penn Smokeless Coal Co. Etc.,
 
 85 Pa. Superior Ct. 531, we held that the claimant who had lost an eye as a result of an explosion of dynamite and sustained a serious and permanent disfigurement of his face, “wholly apart from the loss of the eye,” was entitled to an award. But, there, the permanent disfigurement was a separate and distinct injury to another part of his face. Consequently, it clearly came within the provisions of Section 306(c).
 

 Dr. Hazlett, the attending surgeon, called by claimant, testified that his new eye “looks about like the average eye, except sometimes I notice it looks a little stary”; that the drooping eyelid is a functional condition present in most cases of this character. Neither this witness, nor any other, testified to any additional injury.
 

 As claimant failed to establish that any part of his face or head other than his eye was affected by the second injury, he is not entitled to receive compensation except for total disability for 4-4/7 weeks, which was awarded him.
 

 Judgment of the lower court is reversed, and the record is remitted that judgment may be entered in favor of claimant for $59.29 covering total disability for 4-4/7 weeks, with interest.