GENERAL MOTORS CORPORATION, a Delaware corporation, Appellant, v. JAMES C. VACCARINI, Appellee.

*(December 3, 1952.)*

TERRY, J., sitting.

*Rodney M. Layton* (of the firm of Richards, Layton and Finger) for appellant.

*George T. Coulson* (of the firm of Morris, Steel, Nichols and Arsht) for appellee.

Superior Court for New Castle County, Civil Action, 1952.

TERRY, J.:

The Industrial Accident Board on the 10th day of May, 1951, rendered an award containing a finding of fact that on February 17, 1951, James C. Vaccarini, employee, appellee, suffered an accidental injury while engaged in the regular course of his employment by General Motors Corporation, employer, appellant. The Board further found that the injury was caused by the lodging of a piece of metal in the appellee's right eye, together with a subsequent infection of the resulting lesion.

The injury to the appellee's eye resulted in a permanent loss of thirty-five per centum (35%) of the vision of that eye, and following the lapse of a sufficient period of time to permit the determination of that percentage loss of vision, an agreement was entered into by the appellee and the appellant setting forth the loss and the compensation to be paid to the appellee in accordance with the provisions of the Delaware Workmen's Compensation Law. Section 10, Paragraph 6080, Chapter 175, *Revised Code of Delaware*, 1935. The agreement as indicated was filed with the Board, thus closing the question of compensation for the loss of function of the eye.

The healing of the injury to the appellee's eye left a scar in the form of a white spot across the pupil of the eye, and on February 4, 1952, the appellee filed a second petition with the Industrial Accident Board alleging that he had sustained a facial or head disfigurement as provided under the provisions of subsection (g) of Section 10, aforesaid, and praying that the Board hear the matter and make a determination thereof. During the course of the proceeding upon the petition it was stipulated by counsel for the parties that the white spot across the pupil of the appellee's eye was permanent in character, and that it resulted from the injury to the eye which had occurred on February 17, 1951.

The parties having disposed of all factual issues by agreement narrowed the question to be determined by the Board to one of law, which is, where one injury causes a compensable loss of function and a disfigurement of the same member, is the employee suffering such injury entitled, under Section 10(g) of the Delaware Workmen's Compensation Act, to compensation for the disfigurement in addition to compensation for the loss of function? The Board ruled in the affirmative and entered an award directing the payment of compensation by the appellant to the appellee under the provisions of Subsection (g) of Section 10.

From the foregoing award the appellant has appealed, Paragraph 6088, *Revised Code of Delaware*, 1935. The sole question

for review concerns the proper interpretation of the Act. The pertinent portions thereof are included within the provisions of Section 10.

Section 10(g): "The Board shall award proper and equitable compensation for serious and permanent facial or head disfigurement; such compensation shall be paid to the employee at the rate of 60 percentum (60%) of his weekly wages for a period not to exceed one hundred fifty (150) weeks."

Subsection (g) is but a series of classifications of injuries for permanent partial disability. Subsection (c) of Section 10 provides for specific awards for impairments due to loss of members, i. e.,

"For the loss of an eye 60% of wages during 125 weeks. * * *

"For the loss of a fractional part of the vision of an eye, the compensation shall be for such percentage of the total number of weeks allowed for the total loss *of the use* of an eye * * * as the loss suffered bears to the total loss of an eye."

An award for the permanent-partial injuries under Subsection (c) is to be paid in addition to the compensation provided for under Subsections (a) and (b) of Section 10, which subsections provide schedules respectively for injuries involving total disabilities and partial disabilities.

The appellant's position is that the award entered below for permanent facial and head disfigurement is not in accord with the clear legislative intent as evidenced by the enactment of the law originally, or in the enactment of any of the subsequent amendments thereto. It contends that the Act as originally adopted applied only to cases relating to physical disability for work and contained no provision whatsoever for compensation for disfigurement. It contends that, since the loss of earning power works hardship upon the workman and his family, re-

gardless of its cause, the Legislature in 1945 enacted Chapter 298, Volume 45, *Laws of Delaware,* Section 10 (g), under which provision was made for the disfigured workman who was otherwise without remedy under the Act, thus curing any injustice in this regard that theretofore prevailed. It is premised upon the foregoing contentions that the appellant argues that the Legislature in enacting Section 10(g) did not intend to augment the compensation for those losses already embraced within the statute and provide double compensation in cases of injury where loss of function and disfigurement occur in the same member; rather, it says the enactment of Section 10(g) was designed only to cover those cases previously omitted where there exists no other compensation for the injured employee. Citing *Brown v. State Workmen's Ins. Fund,* 1938, 131 *Pa. Super.* 226, 200 *A.* 174.

The appellee on the other hand contends that to deny him compensation in the present case would necessitate reading into the provisions of Section 10(g) a condition that does not now appear therein; that is, that Section 10(g) is applicable only in instances where there exists no other compensation for the loss of the same member. Citing *Case v. Pillsbury,* 9 *Cir.,* 148 *F.* 2d 392.

The question presented is one of first impression in this State. The reported decisions in other jurisdictions are of little help, as those decisions are for the most part expressly premised upon statutory provisions either allowing or disallowing in *haec verba* additional compensation for disfigurement of a member when compensation for loss of function thereof is had.

The appellant relies strongly upon the case of *Brown v. State Workmen's Insurance Fund, supra* [131 *Pa. Super.* 226, 200 *A.* 175]. In that case the employee had previously sustained an injury resulting in the loss of the use of his right eye. He was fully compensated for that loss under the Workmen's Compensation Act. Some years thereafter a second injury to the eye necessitated the removal of the eyeball. The employee contended that he was entitled to compensation for disfigurement as a

result of the second injury. Section 306 (c) of the Pennsylvania Workmen's Compensation Act as Amended, 77 P. S. § 513, is quoted by the Court as follows:

"For serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-five per centum of wages not to exceed one hundred and fifty weeks."

The Court in denying the employee's claim for disfigurement compensation under the above section stated—

"To bring this case, involving the loss of an eye, within its provisions, the disfigurement must be such that does not normally follow the loss of that member. If compensation, in addition to the amount allowed for the loss of a member of the body, is claimed, it is essential to show that some other part of the body is affected as a direct result of the injury. * * * The use of the eye having been lost, and compensation paid therefor, the claimant cannot recover a second time because of its subsequent removal, as the permanent loss of the use of the eye is considered equivalent to its physical loss. 'That would be paying twice for what under the Act is the same thing.' "

The substance of the Court's opinion in the *Brown* case is that the complete loss of vision equals "loss of eye" equals dismemberment from body; hence, the dismemberment or enucleation is specifically provided for in the schedule payments for "loss of eye", which includes disfigurement. What the Court would have said in the *Brown* case had the loss of vision been only 35% followed by permanent disfigurement as in the present case is of little importance. The question presented here, as in the *Brown* case, is one of statutory interpretation and must be determined from the language employed under the provisions of the Act; that is, did the Legislature in enacting 10(g) intend to make a distinction where the disability and the disfigurement are concurrent? I do not think so. The clear import of the lan-

guage employed is to provide for handicaps caused by disfigurement apart from and in addition to disability caused by the loss of the use of a member of the head. To conclude otherwise would be reading into the Act a condition which would restrict the application of Subsection (g) to those cases only where there exists no other compensation for the loss of the same member. Such a condition does not now appear.

If the Legislature had intended to make a distinction in cases where disabilities and disfigurements were concurrent, as was done by the Court in the *Brown* case, *supra*, under a Pennsylvania statute with a marked similarity to ours, it could have very easily done so by indicating its intention in this respect.

For the reasons indicated, the decision of the Board below is affirmed. An order will be signed accordingly.