## Hebden v. George Salls Metals, Inc.

*A. F. Barbieri*, for claimant.

*J. Webster Jones*, for defendant.

PER CURIAM, January 16, 1958.—This case is before us on appeal from the workmen's compensation board, which sustained an award, by a referee, of compensation for facial disfigurement. Claimant suffered loss of his right eye after being struck by molten metal,

and received compensation therefor. Later he petitioned for and was awarded compensation for facial disfigurement. The workmen's compensation board affirmed the referee's award. Appellant contends that the board erred in affirming this latter award. It contends that receipt of compensation for loss of an eye precludes an award for disfigurement of that eye, under section 1 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §513.

It was stated in Yaklich v. Union Collieries Company, 158 Pa. Superior Ct. 55 (1945), at pages 57-58:

"It is incumbent upon us to view the evidence in the light most favorable to the claimant as the fact-finding bodies have determined the factual issues in his favor. Zbirowski v. John T. Lewis & Brothers Company, 130 Pa. Superior Ct. 222, 196 A. 606. The findings of a referee which are approved by the Workmen's Compensation Board and supported by competent evidence are as conclusive upon the courts as the verdict of a jury. Russell v. Scott Paper Company, 140 Pa. Superior Ct. 84, 13 A. 2d 81. Unless it can be said that there was no competent evidence to support the findings of the referee and the board they cannot be disturbed, and because the factual issues have been determined in claimant's favor the record must be read in the light most favorable to him. Johnson v. Valvoline Oil Company, 131 Pa. Superior Ct. 266, 200 A. 224."

And at page 59 of the Yaklich case, supra, it was stated: "Section 306(c) should be so construed that every reasonable intendment of its express language should be upheld in behalf of the employee. Ciotti v. Jarecki Manufacturing Company, 128 Pa. Superior Ct. 233, 193 A. 2d 323. The Workmen's Compensation Act is remedial and is to receive a liberal construction. Ottavi v. Timothy Burke Stripping Company, 140 Pa. Superior Ct. 389, 14 A. 2d 188."

In this case, the referee and the board found as a fact that claimant's right eye was seriously and permanently disfigured. We believe there was competent medical testimony to support this finding. We are of the opinion that the referee's finding of disfigurement of the right eye meant facial disfigurement in the area of the right eye. In common usage, *eye* sometimes means the entire area around the eyeball, and not just the eyeball itself. See Webster's New World Dictionary, College Edition: "eye, . . . 4. the area around the eye, including the eyelids: as, he was fighting and got a black *eye*." The referee could not have meant the eyeball itself, since it had been removed. Claimant alleged *facial* disfigurement. The referee found disfigurement of his *right eye*. There is no doubt that the referee meant that there was facial disfigurement in the area of the right eye. Certainly the eyes are part of the face. The referee made a specific finding as to the location, in the face, of the disfigurement, and concluded as a matter of law that claimant was entitled to compensation for facial disfigurement. This finding of fact was sufficiently specific upon which to base his conclusion of law.

Appellant relies upon the case of Brown v. State Workmen's Insurance Fund, 131 Pa. Superior Ct. 226 (1938), to support his contention that loss of an eye, and disfigurement of the face thereby, are mutually exclusive under the statute. While compensation for disfigurement was therein denied, that case does not support appellant's proposition. It stated that, to be compensated for both, the disfigurement must be such as does not normally follow from loss of the eye. We are convinced that in the case before us, the disfigurement is such that does *not* normally follow from loss of the eye. The muscle that controls the lids has been destroyed, and there is no movement of the lids, which are now merely two pedicles of skin. The musculature

and structures within the orbit have been entirely removed, and there results a dry, sunken cavity. A proper prosthesis cannot be used. Claimant has a grotesque appearance.

Furthermore, the Brown case, supra, in citing the case of Sustar v. Penn Smokeless Coal Co., 85 Pa. Superior Ct. 531 (1925), stated that, in the Sustar case, the disfigurement was a separate and distinct injury to another part of the face, and therefore *clearly* was compensable under the disfigurement clause of the statute. This does not mean that the dis-. figurement must be to another part of the face in order to be compensable, as appellant contends.

### Decree

And now, to wit, January 16, 1958, the appeal is dismissed, and the award of the workmen's compensation board is affirmed.

Formal order for calculation of award to be submitted by counsel.