GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Appellant-Employer, v. ROLAND L. SHANNON, Appellee-Claimant.

(*November 2, 1959.*)

TERRY, P. J., sitting.

*Rodney M. Layton* (of Richards, Layton and Finger) for appellant.

*James P. D'Angelo* for appellee.

Superior Court for New Castle County.

TERRY, President Judge:

This is an action under the Workmen's Compensation Statute. The sole question presented is whether claimant, an employee of employer, sustained a "serious and permanent facial

or head disfigurement" within the meaning of sub-paragraph (f) of Section 2326 of Title 19 of the *Code of* 1953.

"(f) The Board shall award proper and equitable compensation for serious and permanent facial or head disfigurement; such compensation shall be paid to the employee at the rate of 60 per cent of his weekly wages for a period of not more than 150 weeeks."

Claimant's alleged disfigurement consists of a scar in the center of his forehead running in a vertical direction the length of which is approximately 1½″ and the width of which is approximately the size of a lead pencil mark.

The Workmen's Compensation Board below held that the claimant had sustained a serious and permanent disfigurement of his forehead and awarded claimant compensation in accordance with the provisions of sub-paragraph (f), aforesaid. The Board awarded compensation to the claimant in the amount of $35 per week for two weeks, or a total of $70.

The employer has appealed to this Court. It makes two contentions in seeking a reversal of the decision of the Board below:

(1) That the word "serious" as employed under sub-paragraph (f), aforesaid, should be construed in reference to the policy behind the Workmen's Compensation Statute—that is, of a character which will produce or is likely to produce an impairment of the claimant's earning power.

(2) That the claimant has not sustained a serious and permanent disfigurement of his face.

The record below discloses that the claimant's injury occurred during the course of his regular employment, and that he did not lose any time from his employment by reason of the occurrence thereof.

■ The employer's first contention is without merit. Impairment of earning power of the claimant is not a prerequisite to his right of recovery under sub-paragraph (f) of Section 2326, aforesaid.

■ As to the employer's second contention, I have before me only the Board's conclusion that the scar on claimant's face constituted a serious and permanent disfigurement of his forehead, together with a very clear picture of the claimant's face showing the scar on his forehead in a plain and unquestionable fashion.

My conclusion, after a study of the picture of the claimant's face, is that the claimant has not sustained a serious and permanent facial or head disfigurement by reason of the scar; his physical appearance is but slightly marred, and likely to be less so in the passing of time.

I can think of no form of activity, social, economic, or otherwise, in which the claimant might indulge, and be subject to embarrassment by the presence of this small scar. *Mitchum v. Inman Mills*, 209 *S. C.* 307, 40 *S. E.* 2d 38; *Chisholm v. Jakncke Dry Docks, Inc.*, 10 *La. App.* 323, 121 *So.* 684; *Poole v. Saxon Mills*, 192 *S. C.* 339, 6 *S. E.* 2d 761; *General Motors Corp. v. Vaccarini*, 8 *Terry* 499, 93 *A.* 2d 739; *Dallachiesa v. General Motors Corp.* 1 *Storey* (51 *Del.*) 130, 140 *A.* 2d 137.

For the reasons assigned, the decision of the Board below is reversed. The case is remanded to the Board below with instructions to enter an order vacating its award to the claimant, and to dismiss the claimant's action.