George F. Campbell, Petitioner *v.* Workmen's Compensation Appeal Board (M. Glosser & Sons), Respondents.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Stephen L. Dugas, Glass, Glass & Dugas,* for petitioner.

*Eugene F. Scanlon, Jr.,* for respondents.

OPINION BY JUDGE BLATT, February 6, 1984:

George F. Campbell (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's award of benefits pursuant to Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22) (serious and permanent disfigurement of the head, neck and face).

The facts in this case are not in dispute. While employed at M. Glosser & Sons (employer), the claimant suffered an injury to his right eye when it was struck by the end of a coil of wire. As a result of this injury, he received disability benefits for 8 3/7 weeks after which time he executed a Final Receipt stating that he had returned to his former employment without a loss of earnings. He then filed a second claim petition, however, in which he sought benefits under Section 306(c)(22) of the Act, 77 P.S. §513(22) for the permanent disfigurement of his right eye.[1]

Treating the claimant's petition as one to set aside a Final Receipt, the referee found that the accident had resulted in a permanent and unsightly disfigurement of the pupil of the claimant's right eye and that,

---

[1] A claimant seeking compensation for disfigurement pursuant to Section 306(c)(22) of the Act must prove that his disfigurement is serious and permanent, unsightly, and not usually incident to his employment. *Purex Corp. v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 499, 445 A.2d 267 (1982).

although the claimant had lost some vision in his right eye, the damage did not yet constitute the loss of his right eye as covered in Section 306(c)(7) of the Act, 77 P.S. §513(7).[2] Compensation benefits, therefore, were awarded under Section 306(c)(22) for an additional period of 25 weeks for the permanent and unsightly disfigurement of the right eye. The order included a proviso which read that, if the claimant were ever successfully to seek benefits for the loss of his right eye under Section 306(c)(7) of the Act, the award for disfigurement would be credited against any further benefits awarded.

The Board held on appeal, as a matter of law, that Section 306(c) provides for compensation for either the loss or disfigurement/scarring of specific portions of the body and that, inasmuch as Section 306(c)(7) specifically awards benefits for the loss of the eye and not for the scarring of the eye, there is no provision in the Act which would allow an award for the disfigurement of the eyeball. The Board also expressed concern that a present award for disfigurement might result in a double recovery for the claimant if he, at some time in the future, collected benefits as well for the loss of his eye. The present appeal followed.

As both parties and the Board have noted, the sole issue before this Court is a question of law. And, of course, our scope of review in a workmen's compensation case includes all questions of law. Section 704 of the Administrative Agency Law (Law), 2 Pa. C. S. §704.

---

[2] Under Section 306(c)(7) of the Act, an employee may receive compensation for the loss of his eye, when, for all practical intents and purposes, he has lost the use of the eye. *Armco Steel Corp. v. Workmen's Compensation Appeal Board (Magnone)*, 68 Pa. Commonwealth Ct. 118, 448 A.2d 673 (1982).

Neither party here nor our research has revealed any Pennsylvania case law dealing precisely with the legal question presented: whether or not an award for the loss of the eye, Section 306(c)(7), is the exclusive remedy for permanent injuries to the eye under the Act or, in other words, whether or not compensation benefits for disfigurement, Section 306(c)(22), may be awarded where the claimant has not filed for "loss" benefits and the referee has found, based on substantial evidence, that a scar on the claimant's eye is a permanent and unsightly disfigurement under the Act.[3]

The claimant argues that the General Assembly provided in Section 306(c)(22) of the Act for compensation for permanent injuries to the eye, other than the loss of an eye, when it prescribed that: "[f]or serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred and seventy-five weeks." 77 P.S. §513(22). The claimant submits that the eye, as part of the face, is clearly included in the provision permitting compensation for permanent unsightly disfigurement of the face, and he, therefore, concludes the Act provides benefits for disfigurement of the eye.

The employer argues, however, that, because the claimant may one day suffer the loss of his eye and

---

[3] We note that the referee did not make a specific finding of fact that the disfigurement here is not usually incident to the claimant's employment. *See supra* note 1. We, however, are restricted in our appellate review to issues raised by the parties before the Board, Section 703(a) of the Law, 2 Pa. C. S. §703(a) and, therefore, need not address the absence of such a finding where neither party has raised it before the Board or shown cause why it was not raised.

152

the law is clear that a claimant may not receive compensation for both the loss of the eye and any concurrent disfigurement,[4] the Board was correct in holding that the exclusive remedy for permanent eye injury under the Act is found in Section 306(c)(7) (loss of an eye).

Although we would agree with the employer that a primary concern of Pennsylvania courts in awarding workmen's compensation benefits under Section 306 (c) is the prevention of a double recovery by any claimant for a single injury,[5] we find the employer's contentions here to be wholly conjectural at this point in time. The claimant has neither filed for nor received benefits for the loss of his eye. In fact, the referee found that, at this time, the claimant's eye is not damaged to the extent that the injury would con-

---

[4] The employer cites *Brown v. State Workmen's Insurance Fund*, 131 Pa. Superior Ct. 226, 200 A. 174 (1938) in support of this proposition. We find, however, that *Brown* is distinguishable from the present case in that the claimant in *Brown* had already received loss benefits under Section 306(c)(7), unlike this claimant, and thus would have been awarded a double recovery if the Superior Court had allowed benefits for disfigurement. Further, compensation for disfigurement has been granted in addition to loss benefits where the injury resulted in the loss of the eye and such damage to the socket that an artificial eye could not be used to offset the disfigurement. *Hebden v. George Salls Metals, Inc.*, 14 Pa. D. & C.2d 80 (1958).

[5] An employee who receives compensation under Section 306(c) of the Act is not entitled to additional compensation under either Section 306(a) or Section 306(b) even though he may be totally disabled by reason of his permanent injury. *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973). The only exception to this principle, pronounced by our Supreme Court in *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922) would allow a claimant to receive compensation under either Section 306(a) or 306(b) in addition to receiving compensation under Section 306(c) when some part of the body, other than the part permanently injured, is affected as a direct result of the permanent injury.

stitute a loss of an eye under Section 306(c)(7). We must conclude, therefore, that the employer's argument that the claimant should not be permitted compensation under Section 306(c)(22) because such an award might result in a double recovery if claimant was ever to receive benefits under Section 306(c)(7) is not yet ripe for judicial determination.

The employer contends further that the introductory language to Section 306(c) mandates that the subsections therein provide the exclusive remedy under the Act for an injury to that specific part of the body. It argues that the language explicitly providing for compensation for the loss of an eye under Section 306(c)(7), therefore, would preclude an award for the disfigurement of an eye under Section 306 (c)(22).

Section 306(c) of the Act sets forth the schedule of compensation for disability from permanent injuries, and its introductory language provides that "[f]or all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: . . .". And our courts have interpreted the word "exclusively" in the above-stated language to mean that when a claimant suffers a permanent loss and receives benefits under Section 306(c) that award compensates him not only for that loss but for all disability resulting from that loss.[6]

"Exclusively", it must be noted, has not been read to mean that a claimant, who suffers the loss of a specific body part, *must* recover under Section 306 (c). Our Supreme Court in *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 389 A.2d 42 (1978) held that a claimant who had lost the use of both legs

---

[6] *Killian v. Heintz Div. Kelsey Hayes*, 468 Pa. 200, 360 A.2d 620 (1976) and cases cited therein.

and was therefore totally disabled pursuant to Section 306(c)(23) could elect whether to recover loss benefits under Section 306(c) or total disability benefits under Section 306(a).

While the employer's argument that Section 306 (c)(7) is the exclusive remedy for permanent eye injuries may at first seem persuasive, it must fail.

We must still determine, however, whether or not, pursuant to Section 306(c)(22), the claimant may recover for a permanent and unsightly scarring of the eye. We note that the "provisions of the Pennsylvania Workmen's Compensation Act are remedial in nature and are to be liberally construed, with borderline interpretations resolved in favor of the injured employee." *Turner*, 479 Pa. at 629, 389 A.2d at 47 and cases cited therein. In addition, we note that Section 306(c)(22) establishes the compensation schedule for disfigurement of the "face", and, because we must construe words according to their common and approved usage, Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903(a), and "face" is defined as the "front part of the human head including the chin, mouth, nose, cheeks, *eyes* and usu. the forehead", Webster's Third New International Dictionary (Unabridged) 811 (1966) (emphasis added), we must hold that the General Assembly intended to permit compensation for the scarring of the eye in expressly providing compensation for disfigurement of the face.

We believe, therefore, that the Board's decision that "as a matter of law there is no provision in the Act for a scar of the eyeball" must be reversed and, in so doing, we will order the Board to reinstate the referee's award absent the referee's proviso that the benefits awarded be credited against any future award granted to the claimant for the loss of an eye.

## ORDER

AND Now, this 6th day of February, 1984, we hereby reverse the Workmen's Compensation Appeal Board's order in the above-captioned matter and order the Board to reinstate the referee's award absent its limiting proviso. Jurisdiction relinquished.