543 A.2d 217

Jerome K. Davis, Petitioner *v.* Workmen's Compensation Appeal Board (Olsten Temporary Services), Respondents.

Submitted on briefs March 28, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Louis Kattelman,* for petitioner.

*Thomas C. Lowry, Swartz, Campbell & Detweiler,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 17, 1988:

A Workmen's Compensation Appeal Board (Board) referee directed Olsten Temporary Services (Olsten) to pay certain medical costs of Jerome Davis. The Board modified that decision. Davis appeals; we affirm.[1]

Davis, a driver for Olsten, sustained facial scars after a work-related vehicular accident. He petitioned for, and was awarded, temporary total disability benefits and a serious and permanent disfigurement award[2] under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act).[3] Approximately one year later, Davis filed a claim petition seeking additional medical and disability benefits for plastic surgery.

After a hearing, the same referee directed Olsten to pay for the surgery.[4] The Board, however, concluded that Davis' permanent disfigurement award precluded an additional recovery for cosmetic surgery to improve his appearance. Consequently, it modified the referee's order and granted Olsten a credit in the amount of the initial disfigurement award to be taken against the cost of any future plastic surgery and resulting disability.

Davis argues that the Board based its decision on incorrect facts, *i.e.*, it assumed he sought compensation for purely cosmetic surgery. He contends that a claimant is entitled to compensation for surgery to correct an

---

[1] In affirming, we note that our scope of review is limited to a determination of whether the Board erred as a matter of law, violated constitutional rights, or whether its findings of fact are supported by substantial evidence. *Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry)*, 114 Pa. Commonwealth Ct. 218, 538 A.2d 636 (1988).

[2] After the parties agreed to a seven-week disability period, the referee awarded Davis forty-five weeks of disfigurement benefits. Neither party appealed the referee's award.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(22).

[4] In addition, the referee awarded Davis costs and fees.

anatomical defect even though the surgery would incidentally improve his appearance. We conclude that his reliance on *Campbell v. Workmen's Compensation Appeal Board (M. Glosser & Sons)*, 80 Pa. Commonwealth Ct. 148, 472 A.2d 272 (1984), is misplaced.

In *Campbell*, the claimant suffered a disfiguring eye injury. It was not determined at that time whether the injury would result in the loss of the eye. We held that the potential right to pursue specific loss benefits under Section 306(c)(7) of the Act[5] did not preclude a disfigurement award. In deleting a future set-off credit similar to that awarded in this case, we held that the issue of double recovery was not ripe. We noted, however, that "a primary concern of Pennsylvania courts in awarding workmen's compensation benefits under Section 306(c) is the prevention of a double recovery . . . for a single injury. . . ." *Campbell*, 80 Pa. Commonwealth Ct. at 152, 472 A.2d at 274.[6]

Here, Davis was aware of the beneficial aspects of surgery before pursuing a permanent disfigurement award.[7] Now, however, he seeks to recover medical costs and disability benefits to improve the scar's appearance. While the record supports Davis' argument that the surgery could restore muscles responsible for facial expressions and reduce scar tissue,[8] it also reveals that the restructuring would substantially reduce his disfigurement.[9] Allowing Davis to receive compensation

---

[5] 77 P.S. §513(7).

[6] We are mindful that in *Campbell* and *Republic Steel v. Workmen's Compensation Appeal Board (Deppenbrook)*, 82 Pa. Commonwealth Ct. 596, 476 A.2d 989 (1984), we held that Section 306(f)(4) of the Act does not require a claimant refusing surgery and opting for a disfigurement award to forfeit all rights to compensation arising from the work-related injury. Here, Davis retains all rights to future compensation for the injury; however he is not entitled to twice recover for one scar.

[7] Deposition of Dr. Castillo, 11/18/83, p. 11.

[8] *Id.* at pp. 18-19.

to undergo surgery he initially ignored, while permitting him to retain the permanent disfigurement award would promote the result proscribed in *Campbell*.

In affirming the Board's modification, we are merely reiterating the Act's intent to prevent a double recovery. As Olsten suggests, Davis is free to elect the surgery and, under the modification, the employer would provide all costs of the surgery in excess of the award. We believe that result is consistent with the Act, and therefore, affirm the order of the Board.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-92464 dated August 25, 1987, is affirmed.

Judge COLINS dissents.