**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SIRAVO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2001.

Decided Dec. 31, 2001.

---

Martin G. Malloy, Philadelphia, for petitioner.

Alfred Marroletti, Philadelphia, for respondent.

Before SMITH, Judge, KELLEY, Judge, and JIULIANTE, Senior Judge.

Opinion by Senior Judge JIULIANTE.

The City of Philadelphia (Employer) petitions for review of the June 8, 2001 order of the Workers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) granting a claim petition for disfigurement benefits on behalf of Rosario Siravo (Claimant). Employer contends that the WCJ erred in granting disfigurement benefits for Claimant's right eye where Claimant had previously received specific loss benefits for the loss of use of that eye. For the reasons that follow, we affirm.

On July 3, 1987, while working for Employer's Water Department as a brick mason, Claimant suffered an injury in the nature of a severe alkali burn to his right eye. On November 20, 1995, Claimant filed a claim petition seeking specific loss

introduce only a death certificate signed by a lay deputy coroner, not a doctor, to establish causation.

benefits for the loss of use of his right eye. Employer filed a timely answer denying Claimant's allegations.

On November 12, 1996, the parties stipulated that as a result of the July 3, 1987 injury, Claimant had suffered a specific loss in the nature of the loss of the use of his right eye for all intents and purposes.[1] Based on this stipulation, the WCJ circulated a November 27, 1996 decision and order awarding Claimant specific loss benefits for the loss of one eye in the amount of $256.54 per week for 275 weeks as required by Section 306(c)(7) of the Workers' Compensation Act (Act).[2]

On February 9, 1998, Claimant filed a claim petition seeking disfigurement benefits for his right eye under Section 306(c)(22) of the Act, 77 P.S. § 513(c)(22).[3] Employer filed a timely answer denying Claimant's allegations. The WCJ observed Claimant and found the changes to his eye to be permanently disfiguring and not of a type usually incident to his employment. On September 8, 2000, the WCJ circulated a decision and order granting Claimant's petition and awarding him 140 weeks of disfigurement benefits at the rate of $256.54 per week.[4]

Employer appealed the WCJ's decision to the Board on the ground that Claimant was not entitled to disfigurement benefits for his right eye where specific loss benefits for that eye had already been awarded. The Board, however, affirmed. It rejected Employer's argument that Claimant's disfigurement was encompassed within the specific loss injury. In support of its decision, the Board cited *Campbell v. Workmen's Compensation Appeal Board (M. Glosser & Sons)*, 80 Pa.Cmwlth.148, 472 A.2d 272 (1984), where this Court recognized that a claim for disfigurement benefits under Section 306(c)(22) of the Act was different from a claim for specific loss benefits for the loss of use of an eye under Section 306(c)(7) of the Act. In *Campbell,* the Court reasoned that inasmuch as the Act intended to provide compensation for scarring of the face, the Act intended to permit compensation for scarring of the eye. Nevertheless, *Campbell* did not address the specific issue of whether separate awards for both facial disfigurement and for the loss of use of an eye would result in a double recovery for a claimant.

Employer's appeal to this Court followed. On review, this Court is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether errors of law have been committed or whether constitutional rights have been violated. *Glick v. Workers' Compensation Appeal Board (Concord Beverage Co.)*, 750 A.2d 919 (Pa. Cmwlth.2000).

Employer contends that inasmuch as Claimant has already been awarded specific loss benefits for the loss of his right eye, the WCJ erred in also awarding him disfigurement benefits for the same injury. In support, Employer cites *Brown v. State Workmen's Ins. Fund*, 131 Pa.Super. 226, 200 A. 174 (1938), where the

1. Subsequent to his injury, Claimant underwent a corneal transplant. He still undergoes treatment at Wills Eye Hospital for both the original injury and the transplant.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(c)(7).

3. This section provides for specific loss benefits as follows: "For serious and permanent disfigurement of the head, neck or face, of such a character to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy five weeks."

4. The WCJ denied Claimant's request for reimbursement of his travel expenses.

Superior Court held that a claimant who was paid specific loss benefits under Section 306(c) for the loss of an eye could not recover disfigurement benefits when that eye was later removed due to a second work injury.[5] The Superior Court reasoned that absent any additional injury to the face, the claimant could not recover a second time for a loss for which he had already been compensated.

This Court, however, in *Campbell* moved away from *Brown*, a 1938 case,[6] and opened the door for a possible award of both specific loss and disfigurement benefits for an eye injury. In determining whether the claimant in *Campbell* could recover disfigurement benefits under Section 306(c)(22), the Court stated:

> We note that the "provisions of the Pennsylvania Workmen's Compensation Act are remedial in nature and are to be liberally construed, with borderline interpretations resolved in favor of the injured employee." [*Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 629, 389 A.2d 42, 47 (1978)] and cases cited therein. In addition, we note that Section 306(c)(22) establishes the compensation schedule for disfigurement of the "face," and, because we must construe words according to their common and approved usage, Section

1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a), and "face" is defined as the "front part of the human head including the chin, mouth, nose, cheeks, *eyes,* and usu. the forehead," Webster's Third New International Dictionary (Unabridged) 811 (1996) (emphasis added), *we must hold that the General Assembly intended to permit compensation for the scarring of the eye in expressly providing compensation for the disfigurement of the face.*

> We believe, therefore, that the Board's decision that "as a matter of law there is no provision in the Act for a scar of the eyeball" must be reversed and, in so doing, we will order the Board to reinstate the referee's award *absent the referee's proviso that the benefits awarded be credited against any future award granted to the claimant for the loss of an eye.*

472 A.2d at 275 (second and third emphasis added).

By deleting the referee's[7] proviso that any award for disfigurement be credited against any future benefits for the claimant's right eye, this Court in *Campbell* acknowledged that a right to compensation for disfigurement of the face due to scar-

---

**5.** In *Brown*, the claimant suffered a May 23, 1929 injury that resulted in the loss of use of his right eye and he received specific loss benefits for the total loss of that eye. However, the claimant's eye remained in its socket with *no apparent change in appearance.* On July 7, 1936, the claimant suffered another work injury to the eye which resulted in severe inflammatory glaucoma. The eye was subsequently removed and replaced with a glass eye. Although the referee disallowed disfigurement benefits, the Board awarded the claimant forty weeks of disfigurement benefits. The Superior Court reversed on the basis that the claimant had already received benefits under Section 306(c) for total loss of use of the eye.

**6.** Moreover, with regard to the applicability of *Brown* to present day cases, this Court believes that in light of the advances in eye surgery that have occurred in the last sixty-three years, the substitution of a glass eye for an injured eye could now be considered a compensable disfigurement.

**7.** Section 401 of the Act, 77 P.S. 701, was amended by Section 14 of the Act of July 2, 1993, P.L. 190 (Act 44) to redesignate referees as workers' compensation judges, effective August 23, 1993.

ring of the right eye may exist in addition to an award of benefits for specific loss of the right eye. Given the circumstances in the case at bar, we believe that a logical extension of the rationale in *Campbell* is warranted. Therefore, we conclude that an award of disfigurement benefits does not amount to "double recovery" in cases where the claimant not only loses the use of an eye, but also suffers a disfigurement of the face due to that injury.

In the case *sub judice*, the WCJ observed Claimant from eight to ten feet away and stated that Claimant's right eye appeared to be half open and that there was redness and irritation in what would normally be the white of the eye. Finding of Fact No. 4. The WCJ found the changes to Claimant's eye to be disfiguring and of a kind not usually incident to Claimant's employment. Finding of Fact No. 5. Based on these findings, the WCJ concluded: "Claimant has met his burden of proving his entitlement to specific loss benefits for a serious, permanent and unsightly facial disfigurement under Section 306(c)(22) of the Act. Claimant is entitled to one hundred and forty (140) weeks of compensation at the rate of $256.54 per week." Conclusion of Law No. 2; WCJ's Decision, p. 5. It is well settled that the determination of the amount of a disfigurement up to a statutory maximum of 275 weeks is purely within the discretion of the WCJ. *Fuller Co. v. Workmen's Compensation Appeal Board (Colon)*, 99 Pa.Cmwlth.193, 512 A.2d 1335 (1986).

In view of the foregoing, this Court concludes that the WCJ did not err in awarding Claimant disfigurement benefits under Section 306(c)(22) of the Act for permanent facial disfigurement due to his July 3, 1987 eye injury even though Claimant had previously been awarded specific loss benefits for loss of use of the right eye under Section 306(c)(7) of the Act. As this Court

has recognized, disfigurement of the eye must be considered to be disfigurement of the face. *Campbell.*

In the present case, Claimant not only lost the use of his right eye, but also sustained a facial disfigurement as a result. As the Board noted, these two types of specific loss are not mutually exclusive. Accordingly, we affirm.

## *O R D E R*

AND NOW, this 31st day of December, 2001, the June 8, 2001 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.